JOHNSON, Chief Judge.
This is an appeal from a final judgment dismissing with prejudice the amended complaint against appellee and entering judgment on the pleadings in favor of ap-pellee.
About September 17, 1964, appellant, R. J. White, and Carl L. Strange and Nancy Sue McCrary, and Town and Country Gas Company, Inc., entered into an agreement wherein, inter alia, it was agreed that the three named individuals constituted all the stockholders of the defendant corporation, which was identified as “presently being organized.” No question had been raised *17 about the completion of the incorporation, so presumably the same was accomplished.
In this agreement, referred to supra, at paragraph VI thereof, we find this language :
“VI. The Corporation hereby agrees to employ R. J. WHITE as General Manager of the corporation at a salary to be determined by the Board of Directors and, in addition to said salary, further agree as follows:
(a) Beginning with the fourth year of the operation of said corporation said R. J. WHITE shall be entitled to ten percent (10%) of the net profit of said corporation, before payment of taxes, in addition to any salary he is drawing from said corporation.
(b) At the end of the tenth year of the operation of said corporation said R. J. WHITE shall be given as a bonus, such additional stock as to entitle him to twenty percent (20%) (100 shares) of the authorized stock of said corporation.”
An answer and an amended answer were filed. Interrogatories propounded and answered; motion to dismiss and to strike were filed and denied. Later, on August 13, 1969, an order was entered by the circuit court granting the motion to dismiss as to Carl L. Strange, Jr. on the ground that the cause of action against him individually was based on an oral guarantee which violated the Statute of Frauds.
On September 3, 1969, the trial court granted motion of the defendant, Town and Country Gas Company, Inc. for judgment on the pleadings and pursuant thereto entered final judgment on the same date in favor of the defendants. It is from this judgment this appeal is taken.
A number of points are raised by appellant on appeal as constituting error, but for the purpose of this decision we need only look to the first point which is stated as follows:
It was Error for the Trial Court to Grant Appellees’ Motion for a Judgment on the Pleadings, Since Such a Judgment is Properly Granted Only Where — Taking the Non-movant’s Pleadings as True —The Moving Party is Clearly Entitled to a Judgment.
It is alleged in the amended complaint that the plaintiff (appellant) continued in the employment of the corporate defendant from September 17, 1964 to November 30, 1967, which extended the employment into the fourth year, within the purview of paragraph VI (a) of the agreement forming the basis of this controversy. The amended answer contains a general denial of paragraph VI, and therefore one issue is created which cannot be settled by a judgment on the pleadings.
We think the law is well-settled and properly stated by this court on the question of judgment on the pleadings in the case of Miller v. Eatmon, 177 So.2d 523 (Fla.App. 1st, 1965) as follows:
“* * * jn considering such a motion [for a judgment on the pleadings] all well-pleaded material allegations of the opposing party’s pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false. * * * Hence, a defendant may not obtain a judgment on the pleadings on the basis of the allegations in his answer where no reply is required, since under Rule 1.8(e), Florida Rules of Civil Procedure, these allegations are deemed denied * *
Therefore, an issue having been raised by the pleadings, the judgment on the pleadings could not properly be entered by the trial court, and the judgment so entered must be reversed, and because there remains work to be done in the lower court, said cause is remanded for further proceedings.
We feel that it is incumbent upon us, for some guidance for the court below, to point out that we are in accord with the appellees’ contention that the contract of *18 employment being for an indefinite period is terminable at the will of either party.[1]
The appellees devote their brief to this latter point, supra, and we agree with such contention, but for the reason stated first above, we must reverse and remand to the lower court to determine the amount of money due the appellant for that portion of the fourth year of employment in which appellant was employed, based upon the 10 percent of profits.
Reversed and remanded.
CARROLL, DONALD K. and RAWLS, JJ., concur.

. Knudsen v. Green, 116 Fla. 47, 156 So. 240 (1934).