UNITED STATES of America,
Plaintiff,

v.

John R. TAYLOR and Barbara Gay
Taylor, Defendants.

Civ. A. No. KC–3377.

United States District Court,
D. Kansas.

May 8, 1972.

Robert J. Roth, U. S. Atty., James Pusateri, Asst. U. S. Atty., Kansas City, Kan., for plaintiff.

Ronald C. Newman, of Weeks, Thomas, Lysaught, Bingham & Johnston, Chartered, Kansas City, Kan., for defendants.

MEMORANDUM OPINION

O'CONNOR, District Judge.

Pending before the court is a motion by the United States to dismiss certain counterclaims of the defendants, who are guarantors of a note evidencing a loan from the Small Business Administration. Plaintiff alleges that the obligor corporation defaulted on the note and thus defendants are obligated to pay the

amount due. Although the defendants deny that the obligor defaulted, they have counterclaimed alleging wrongful acts of employees of the SBA relating to the demand for payment of the said note, foreclosure of security agreements, the sale of collateral and the sale of personal property owned by the defendants not subject to the said security agreements. Defendants admit that their counterclaims (5 counts) are based primarily in tort.

Defendants' basic theory, founded upon Rule 13 of the Federal Rules of Civil Procedure and Frederick v. United States, 386 F.2d 481 (5th Cir. 1967), is that they are entitled to assert *any claim* they have against the United States over which this court has jurisdiction and to which the United States has consented to be sued either by statute or by institution of the present action. The essence of defendants' argument is that the United States is subject to claims arising out of contract [28 U.S.C. § 1346(a) (2)] and to claims arising out of tort [28 U.S.C. § 2671 et seq.], and relief may be sought by a defendant beyond the amount claimed by the plaintiff United States, if the United States is not immune from suit.

Rule 13 of the Federal Rules of Civil Procedure covers the subject of counterclaims generally. Rule 13(a) deals with compulsory counterclaims and Rule 13(b) has to do with permissive counterclaims. Rule 13(d) speaks of counterclaims against the United States and provides:

> "These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof."

In United States v. Lashlee, 105 F.Supp. 184 (D.W.D.Ark., 1952), both 13(a) and 13(b) were held to be qualified by 13(d). In line with this reasoning the court in Frederick v. United States, *supra,* stated:

> "Thus a defendant is either compelled by 13(a), or permitted by 13(b), to

counterclaim against the sovereign within the limits to which the sovereign immunity has been given up by the United States by other provisions of law. *The waiver can be by statutory consent to be sued* [Federal Tort Claims Act] *or by the institution of the particular action.* Our conclusion is that when the sovereign sues it waives immunity as to claims of the defendant which assert matters in recoupment—arising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claim but not to the extent of a judgment against the government which is affirmative in the sense of involving relief different in kind or nature to that sought by the government or in the sense of exceeding the amount of the government's claims; but the sovereign does not waive immunity as to claims which do not meet the 'same transaction or occurrence test' nor to claims of a different form or nature than that sought by it as plaintiff nor to claims exceeding in amount that sought by it as plaintiff." (Emphasis added.)

With respect to counterclaims against the United States, Professor Wright has summarized the established principles in the following language:

> "Despite the sovereign immunity doctrine and the language of Rule 13(d), when the United States institutes an action, defendant may assert by way of recoupment any claim arising out of the same transaction or occurrence as the original claim in order to reduce or defeat the government's recovery. However, if defendant's claim arises from a different transaction or occurrence, then it is in effect an independent suit and it may be asserted as a setoff or a counterclaim only if the government has waived its sovereign immunity." 6 Wright & Miller, Federal Practice and Procedure: Civil § 1427. [See United States v. Shaw, 309 U.S. 495, 84 L.Ed. 888, (60 S.Ct. 659); Frederick v. United States, *su-*

*pra*; United States v. Russell, 309 F. Supp. [617] 619 (D.Kan.1969); and 3 Moore's Federal Practice § 13.28.]

The present action is one in contract brought by the United States to recover on a guaranty. Defendants concede their counterclaims for the most part (except possibly for Count I) are in tort.

The United States has waived its immunity with respect to claims arising from tort by virtue of 28 U.S.C. § 1346(b). Such claims are expressly governed by the Tort Claims Act, 28 U.S.C. § 2671, et seq. Section 2675(a) requires that prior to institution of an action upon a tort claim a claimant must first present his claim to the appropriate federal agency and have it denied either in writing or by lapse of time. This procedure is not alleged to have been followed by the defendants in this case, as they assume their tort claims are cognizable as counterclaims under Rule 13 of the Federal Rules of Civil Procedure and sovereign immunity has been expressly waived by statute. Defendants excuse their failure to comply with the procedure set forth in Section 2675(a) by pointing to the 1966 amendment to 28 U.S.C. § 2675, which reads as follows:

> "The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim."

Other than the amendment itself, no authority has been cited in support of defendants' position. Our research discloses cases where counterclaims under the Federal Tort Claims Act have been permitted. (4 Wright & Miller, Federal Practice and Procedure, § 1427, p. 144, n. 13.) But in each of those cases the principal action by the United States was in tort (not in contract as here), and the tort counterclaim was compulsory in nature. In such a situation, there would be a sound basis for not requiring compliance with § 2675(a), and the 1966 amendment would obviously apply. This same reasoning was utilized by the court in Frederick v. United States, *supra,* in holding that a compulsory counterclaim against the government was not subject to the prerequisites of 28 U.S.C. § 2406.

Whether a counterclaim is compulsory or permissive largely depends on its relationship to the other party's claim. This is not always an easy question to decide. Professor Wright has outlined four standards to apply in making such a determination:

> ". . . Most courts, rather than attempting to define the key terms of Rule 13(a) precisely, have preferred to suggest standards by which the compulsory or permissive nature of specific counterclaims can be determined. Four tests have been suggested:
>
> 1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
>
> .2) Would *res judicata* bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?
>
> 3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?
>
> 4) Is there any logical relation between the claim and the counterclaim?"

(4 Wright & Miller, Federal Practice and Procedure, § 1410, pp. 41 & 42.)

This court is satisfied that defendants' counterclaims are permissive in character under the tests outlined. Consequently, the 1966 amendment does not excuse defendants' failure to present their claims to the appropriate federal agency as required by § 2675(a). Therefore, the counterclaims, insofar as they sound in tort, are prematurely asserted and must be dismissed.

What has been said does not mean that defendants are not entitled to recoupment against the claim of the government, nor that they are precluded from asserting a claim under the Tucker Act. As already noted, Count I of de-

**718**

fendants' counterclaim may arguably be grounded on breach of contract.

 When the United States institutes an action, defendant may assert by way of recoupment any claim arising out of the same transaction or occurrence as the original claim in order to reduce or defeat the government's recovery. The right to assert a counterclaim that qualifies as one for recoupment is not dependent upon any statutory authority. Frederick v. United States, *supra;* United States v. Russell, supra; United States v. Frank, 207 F.Supp. 216 (S.D. N.Y.1962); 3 Moore's Federal Practice § 13.02, p. 9.

Furthermore, by the provisions of 28 U.S.C. § 1346(a) (2) [the Tucker Act], the United States has waived its sovereign immunity with respect to claims arising out of contract. As to such claims the jurisdiction of the district court is limited to the amount of $10,000. There is substantial authority in this and other circuits that the Tucker Act confers jurisdiction on the district courts to entertain counterclaims for affirmative relief of up to $10,000 in actions commenced by the United States. [United States v. Springfield, 276 F.2d 798 (5th Cir. 1960); United States v. Martin, 267 F.2d 764 (10th Cir. 1959); Thompson v. United States, 250 F.2d 43 (4th Cir. 1957); United States v. Silverton, 200 F.2d 824 (1st Cir. 1952); United States v. Summ, 282 F.Supp. 628 (D.N.J.1968); United States v. Southern Pacific Company, 210 F.Supp. 760 (N.D.Cal.1962); United States v. Buffalo Coal Mining Company, 170 F.Supp. 727 (D.Alaska 1959); see 3 Moore's Federal Practice, § 13.29, p. 80.]

28 U.S.C. § 2406 provides in part that in an action by the United States against an individual, evidence supporting the defendant's claim for a credit shall not be admitted unless he first proves that such claim has been disallowed in whole or in part by the General Accounting Office. This statute has no application where the government has laid aside its immunity by statute or by filing suit. Frederick v. United States, *supra.* Thus, as to matters of recoupment and compulsory counterclaims under the Tucker Act, defendants would be excused from complying with § 2406.

For the reasons stated, Counts II through V, inclusive, of defendants' counterclaim are dismissed. Count I is also dismissed, but defendants are given 15 days to file an amended counterclaim consistent with the views expressed in this opinion.

It is so ordered.