311 So.2d 804 (1975)
Thomas E. FLOWERS, Appellant,
v.
William E. FINLEY et al., Appellees.
No. 74-1102.
District Court of Appeal of Florida, Third District.
April 15, 1975.
Rehearing Denied May 14, 1975.
Barranco, Darlson & Daniel, Miami, for appellant.
Horton, Perse & Ginsberg, Miami, for appellees.
*805 Before HENDRY and HAVERFIELD, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Plaintiff-appellant, Thomas E. Flowers, seeks review of a summary final judgment entered in favor of the defendant-appellees in this action for breach of contract. The controlling question is whether the contract sought to be enforced was an oral agreement within the Statute of Frauds (§ 725.01, Fla. Stat., F.S.A.) in that it was an "... agreement that is not to be performed within the space of one year from the making thereof."
Defendants, desirous of becoming the management organization of Interama, contacted Flowers because of his reputation in the field of management and development. The parties discussed the possibility of the plaintiff lending his name and reputation to the defendants, moving from his residence in California to Florida and becoming an employee of the defendants with respect to their expected management contract with Interama. Subsequently, plaintiff and defendants entered into an oral contract which according to plaintiff provided as follows:
(1) If Flowers would abandon his California interest, commit himself to the FINLEY-GREEN JOINT VENTURE, allow the defendants to use his name, reputation, and commitment in their attempt to obtain the Interama contract, and move to Florida for the purposes of contributing his services, Flowers would receive a 7 1/2% interest in said management organization.
(2) If Flowers would remain in Florida, in the capacity of an employee of the defendants, for a period of five years, contribute his services and expertise to the joint venture, he would receive a salary of $50,000 per year.
Defendant-appellees thereafter entered into a contract with Interama and became the management organization thereof. Thereupon, Flowers abandoned his California interests, moved to Florida and began working for the defendants. Flowers then made several demands for the 7 1/2% interest, but to no avail. Eight months after he moved to Florida, defendants discharged Flowers. Plaintiff-appellant Flowers filed a complaint against the defendants and sought to enforce both provisions, 1 and 2, of the alleged oral contract cited hereinabove. The trial court granted defendants' motion to dismiss the complaint and plaintiff filed an amended complaint wherein he sought only to enforce the 7 1/2% interest in the management organization which had obtained the Interama contract. In response thereto, defendants filed a motion to dismiss on which the trial court reserved ruling. Subsequently, defendants filed an answer and a motion for summary judgment. After hearing oral argument on the motion the trial court entered summary final judgment in favor of the defendants on the primary ground that the contract fell within the Statute of Frauds and was not in writing and, therefore, not enforceable. Plaintiff appeals therefrom. We affirm.
The established rule in Florida is that "when no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year." Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937).
Reviewing the record on appeal in a light most favorable to plaintiff and in light of the above rule of law, it is apparent from plaintiff-appellant's own deposition testimony that the 7 1/2% interest was inextricably tied to his employment with the defendants, the duration of which *806 plaintiff testified was from 1972 until at least 1976. Thus, we conclude that the alleged oral contract falls within the Statute of Frauds and is unenforceable. Cf. Manas v. Southern Diversified Industries, Inc., Fla.App. 1967, 193 So.2d 480; Rowland v. Ewell, Fla.App. 1965, 174 So.2d 78.
We also have examined appellant's remaining points on appeal and find them to be without merit. See Canell et al. v. Arcola Housing Corp. et al., Fla. 1953, 65 So.2d 849.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.