MILLS, Judge.
Talbot & Associates, Ltd. (Talbot) brought suit against International City Bank & Trust Company (IC Bank), a Louisiana corporation; ICB Corporation, a Louisiana corporation; and Forest Shores, Inc. (Forest), a Florida corporation, to recover the sum of $7,184.50 for professional engineering services performed on two parcels of land in Okaloosa County, Florida. As to Forest, Talbot sought foreclosure on the property pursuant to a mechanic’s lien and sought a money judgment based on a written contract. As to IC Bank and ICB Corporation, Talbot sought damages and sought an equitable lien on certain funds held by these appellants. Forest filed a cross-claim against IC Bank and ICB Corporation. IC Bank and ICB Corporation then filed three motions: (1) to dismiss the complaint and cross-claim for lack of jurisdiction; (2) to dismiss the cross-claim for failure to state a proper cross-claim cause of action; and (3) to strike certain parts of the cross-claim. The trial court denied the motions, and IC Bank and ICB Corporation seek review of that order by way of interlocutory appeal.
While that part of the order denying the motion to dismiss for lack of jurisdiction over the person is an appealable interlocutory order, the parts of the order denying the motion to dismiss the cross-claim and denying the motion to strike parts of the cross-claim are not. Fla.App. Rule 4.2(a). However, as this court may review appropriate interlocutory orders by common law certiorari, we will consider the notice of interlocutory appeal- as a petition for common law certiorari insofar as it seeks review of those parts of the order dealing with Forest’s cross-claim.
IC Bank and ICB Corporation urge the following points: (1) Under Sections 48.161 and 48.181, Florida Statutes (1975), the complaint and cross-claim fail to make a showing that they are subject to the jurisdiction of the State of Florida, and (2) the cross-claim is an improper cross-claim under Fla.R.Civ.P. 1.170(g) and contains allegations which should be struck.
The first issue which must be addressed is that relating to jurisdiction. Section 48.-181, Florida Statutes (1975), provides as follows:
“(1) The acceptance by . foreign corporations ... of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in this state, or to have an office or agency in this state, constitutes an appointment . of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, . , arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of foreign corporations that the process against them which is so served is of the same validity as if served personally on the . . . foreign corporations.”
The question presented is whether IC Bank and ICB Corporation did “operate, conduct, engage in, or carry on a business or business venture in this state” or had an “office or agency in this state”. This is a factual question which must be determined by examining the allegations contained in the complaint and cross-claim. Wm. E. Strasser Construction Co. v. Lynn, 97 So.2d 458 (Fla.1957).
IC Bank, a Louisiana corporation, was a wholly owned subsidiary of ICB Corporation, a Louisiana corporation, and all of the senior officers and directors of IC Bank were identical to the senior officers and directors of ICB Corporation. Forest, a Florida corporation, was formed at the direction of the executive vice president of IC Bank and the ICB Corporation for the purpose of enabling ICB Corporation to participate in a venture involving the purchase *533 and development of certain real property in Okaloosa County. ICB Corporation is the owner and holder of fifty percent of the capital stock of Forest. It was orally agreed by IC Bank and ICB Corporation that Forest would purchase and develop the property and IC Bank and ICB Corporation would provide the financing. Pursuant to oral agreement, Forest executed a contract to purchase two adjoining tracts of real estate in Okaloosa County totaling about 6,000 acres. The agreement required a deposit of $150,000. In order to provide the cash deposit, IC Bank and ICB Corporation agreed that IC Bank would issue two irrevocable letters of credit in the total sum of $150,000 to the seller. The letters of credit were accepted and Forest began the development of the property which included hiring Talbot to perform certain engineering services. IC Bank and ICB Corporation authorized Talbot to conduct the engineering services and advised Talbot that they were holding sums of between $100,000 and $150,000 for the payment of Talbot’s services. Representatives of Talbot met with the executive vice president of IC Bank and ICB Corporation in Fort Walton Beach, Okaloosa County, on three separate occasions for the purpose of discussing the progress of the development and the future plans for the completion of the project located on the property. IC Bank and ICB Corporation opened a bank account in Fort Walton Beach in the name of IC Bank in which account approximately $200,000 was deposited.
All of the expenditures by Forest were approved by managing officers of IC Bank and ICB Corporation, and it was contemplated that IC Bank and ICB Corporation would have representatives present in Florida to supervise the construction on the properties to be purchased. In all matters relating to the project, IC Bank and ICB Corporation acted as one corporation or as copartners with each other and with Forest.
The allegations show that ICB Corporation was not a mere passive stockholder in a Florida corporation. The executive vice president of IC Bank and ICB Corporation came to Florida and actively participated in negotiations concerning the property to be developed. On three separate occasions the vice president met with representatives of Talbot, in Florida, to discuss the progress of the development, and at each of these meetings advised Talbot that he represented both IC Bank and ICB Corporation. A bank account in the name of IC Bank was opened in Fort Walton Beach to enable IC Bank and ICB Corporation to carry out their business relations.
“The long arm statute is only limited by its terms and the due process requirement that one have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantive justice. International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).” Beckham v. Holborn, 330 So.2d 101 (Fla. 1st DCA 1976).
The allegations show that IC Bank and ICB Corporation were engaged in a business venture in this State dealing with real property located within this State. It is also clear that the suit brought against IC Bank and ICB Corporation arose out of their activities within the State. We therefore hold that the requirements of Section 48.181 have been met and that the trial court correctly denied appellants’ motion to dismiss for lack of jurisdiction.
The other two issues urged by appellants concern the cross-claim filed by Forest. Appellants contend that the cross-claim is an improper cross-claim under Fla. R.Civ.P. 1.170(g) and therefore the circuit court erred in denying their motion to dismiss the cross-claim.
Rule 1.170(g) reads as follows:
“Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of either the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. The cross-claim may include a claim that the *534 party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.”
Forest asserts that its cross-claim not only arises out of the transaction or occurrence that is the subject matter of the original action but is also related to the property that is the subject matter of the original action.
Basically, the cross-claim alleges that IC Bank and ICB Corporation entered into an agreement with Forest whereby Forest would purchase and develop certain real property in Okaloosa County, and IC Bank and ICB Corporation would provide the necessary financing. The cross-claim further alleges that pursuant to the agreement IC Bank issued two irrevocable letters of credit to the seller of the property, but later breached its agreement by falsely and maliciously informing the seller that such letters of credit had been fraudulently obtained, thus causing Forest to lose its interest in the property; that IC Bank arranged a loan of $800,000 from the Ponchartrain Bank to Forest; that Forest drew $300,000 of the loan and placed that sum in the IC Bank, but due to the actions of the appellants the Ponchartrain Bank refused to further fund the loan; and that IC Bank unlawfully seized the money in the Forest account at the IC Bank and dishonored checks written on that account.
The claims asserted by Forest against IC Bank and ICB Corporation are not claims arising out of the transaction that is the subject matter of the complaint filed by Talbot. The various agreements and financial arrangements made between Forest and the appellants did not arise out of the contract for engineering services performed by Talbot.
Rule 1.170(g) also permits a cross-claim relating to any property that is the subject matter of the original action. However, the cause of action asserted in the cross-claim does not relate to the property in the complaint. The cross-claim asserts that IC Bank and ICB Corporation agreed to provide certain forms of financial assistance and they breached this agreement. The only way property is involved in the cross-claim cause of action is due to the fact that the financing was to be used to purchase and develop 6,000 acres of land. The property involved in the complaint constitutes about 40 acres of those 6,000 but this does not establish the type of relationship required by Rule 1.170(g).
The only remaining basis for the cross-claim is that the appellants are or may be liable to Forest for all or part of the claims asserted by Talbot.
Although certain allegations contained in Forest’s lengthy cross-claim might serve as a basis for finding that the appellants may be liable for all or part of the claim asserted by Talbot, these allegations cannot be easily severed from the cross-claim without substantial editing. Therefore, the cross-claim in its entirety should be dismissed with leave for Forest to file an amended cross-claim alleging only those allegations necessary to show appellants’ liability for the claim asserted by Talbot.
That part of the order from which this appeal is taken denying appellants’ motion to dismiss for lack of jurisdiction is affirmed; that part of the order denying appellants’ motion to dismiss the cross-claim is reversed and the cause remanded for further proceedings consistent with this opinion.
RAWLS, Acting C. J., and SMITH, J., concur.