380 So.2d 1061 (1980)
HILTON CASINOS, INC., D/B/a Las Vegas Hilton, Appellant,
v.
FIRST NATIONAL BANK OF SOUTH MIAMI, a Florida Banking Corporation, and Albert Sakolsky, Appellees.
No. 79-726.
District Court of Appeal of Florida, Third District.
January 22, 1980.
As Corrected On Denial of Rehearing March 17, 1980.
*1062 Smith, Mandler, Smith, Werner, Jacobowitz & Fried and Julian R. Benjamin, Miami Beach, for appellant.
Fromberg, Fromberg & Roth and Jeffrey Michael Cohen, Miami, for appellees.
Before HAVERFIELD, C.J., SCHWARTZ, J., and MELVIN, WOODROW M. (Ret.), Associate Judge.
HAVERFIELD, Chief Judge.
Plaintiff, Hilton Casinos, Inc., appeals that portion of an order denying its motion to dismiss the cross-claim of Albert Sakolsky, the third party defendant.
First National Bank of South Miami issued four cashier's checks (three in the amount of $5,000 each, and one for $4,500) payable to the order of Albert Sakolsky. Each of the checks was endorsed by Sakolsky and delivered to Hilton as payment. When Hilton presented the checks for payment, First National refused to honor the checks which were returned and marked "stop payment". Thereupon, Hilton filed the instant action against First National for $19,500 plus protest fees, interest and costs for its refusal to pay the checks. First National answered and filed a third party complaint against Albert Sakolsky alleging that it had stopped payment on the checks upon the express agreement of Sakolsky to indemnify it for any loss or damages sustained as a result of stopping payment. Sakolsky answered the third party complaint of First National and filed a cross-claim against Hilton for negligence, conversion and injunctive relief. He alleged that while he was a guest at the Las Vegas Hilton and in the gambling casino, he became ill and was escorted by hotel employees to his room; that shortly thereafter, the hotel physician came to the room and administered drugs to him. A short time later while still under the influence of the drugs, he was invited to return to the casino with the assistance of Hilton employees. Sakolsky began to gamble and delivered to Hilton the cashier's checks in question which Hilton accepted. The gravamen of the cross-claim is that Sakolsky was temporarily incompetent because of the improper administration of the drugs and Hilton should not have permitted or invited him to gamble; therefore, Hilton is not entitled to collect on the checks. Service of the cross-claim was attempted by mailing a copy to Hilton's counsel. Hilton moved to dismiss Sakolsky's cross-claim for (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over Hilton, and (3) insufficiency of service of process. After hearing argument of counsel, the trial court denied the motion to dismiss. Hilton perfected this interlocutory appeal from the denial order. We reverse.
Pursuant to Fla.R.Civ.P. 1.180, a third party defendant, like Sakolsky, may "assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff". In other words, such a cross-claim is not permissible unless it is connected with or dependent on or logically related to the subject matter of the original complaint. 61 Am.Jur.2d Pleading § 185 (1972); 25 Fla. Jur. Pleadings § 96 (1959); Stone v. Pembroke Lakes Trailer Park, Inc., 268 So.2d 400, 402 (Fla. 4th DCA 1972).
With regard to the similar phraseology "provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" contained in Fla.R. Civ.P. 1.170(a)[1] concerning compulsory counterclaims and its federal counterpart *1063 Rule 13(a),[2] we note that the federal courts have utilized the following suggested tests:
"1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
"2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule
"3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?
"4) Is there any logical relation between the claim and the counterclaim?" 6 Wright & Miller, Federal Practice and Procedure § 1410, pp. 41 & 42  U.S. v. Taylor, 342 F. Supp. 715, 717 (D.Kan. 1972)
Applying the above tests to the case at bar, the answers would be in the negative upon an examination of the relationship between Hilton's complaint and Sakolsky's cross-claim. The cross-claim simply does not arise out of the transaction or occurrence that is the subject matter of the complaint. Hilton's complaint is grounded upon First National's refusal to pay the cashier's checks in question. In contrast, Sakolsky's cross-claim in essence asserts an independent tort based upon the alleged wrongful actions of Hilton employees. Thus, we conclude that the trial court lacked jurisdiction over the person of the appellant with respect to the cross-claim. Compare Intern. City Bank & Trust Co. v. Forest Shores, 340 So.2d 530 (Fla. 1st DCA 1976).
Accordingly, that portion of the order denying Hilton's motion to dismiss cross-claim is reversed and the cause remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on the claim and the pleader is not stating a counterclaim under this rule.
[2] (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.