# ORKIN EXTERMINATING CO. v. MURRAY

Case No. 84-3559-CA Div: "F"

Fourth Judicial Circuit, Duval County

April 19, 1984

### APPEARANCES OF COUNSEL

**Harold B. Wahl, Wahl & Gabel,** for plaintiff.

**Stephen H. Donohoe** for defendant.

### OPINION OF THE COURT

A. C. SOUD, JR., Circuit Judge.

This cause came on for hearing upon Plaintiff's Petition for Permanent Injunction seeking the enforcement of a non-competitive provision contained within an employment agreement between Plaintiff and Defendant.

This Court entered a Preliminary Injunction on April 5, 1984, and extended same by Order of April 11, 1984, temporarily enjoining Defendant, Randy A. Murray, from violating Paragraph 6(a), (b), and (c) of said agreement. The Preliminary Injunction also enjoined the Defendant from violating Paragraph 6(d) effective Monday, April 16, 1984, at 8:00 A. M.

Testimony has been received by this Court. Arguments of counsel were heard.

This Court has duly considered said evidence and arguments and in light of the credibility of the witnesses and totality of the circumstances makes the following

## FINDINGS OF FACT

A. The Defendant was terminated from his employment with Orkin Exterminating Company, Inc., on or about March 3, 1984. He immediately gained employment with Getz Exterminating Company of Jacksonville, Florida, a competitor of the Plaintiff.

B. At the time Defendant commenced employment with Plaintiff, Plaintiff invested substantial time and money in training the Defendant in the pest control business. Plaintiff conducted training in Jacksonville; sent Defendant to a school in Orlando, Florida; provided annual update training seminars and sessions; provided him technical data concerning Plaintiff's business and operations; permitted him to gain knowledge as to training specifications; and, divulged to him price lists and costs used exclusively in Plaintiff's business.

C. The termination from employment of the Defendant by the Plaintiff was justifiable and with good cause. The Defendant had falsely represented that reinspection of customers' premises had been performed and certified same by his signature when, in fact, they had not been. He signed his signature certifying these reinspections allegedly were performed by other employees, when, in fact, he had no actual knowledge of same. He also instructed other employees whom he was training that it was proper to falsely certify the reinspection tickets. Also, the Defendant received three (3) traffic citations within a nine-month period. His ability to drive was essential to the performance of his duties.

D. The termination of Defendant's employment was without discrimination. He was not singled out for arbitrary action.

E. The Defendant has stipulated to the entry of a Preliminary and Permanent Injunction as to Paragraph 6(a), (b), and (c) of the non-competitive provisions of the employment agreement.

16

## CONCLUSIONS OF LAW

I. The Defendant, Randy A. Murray, entered into a valid non-competitive agreement with Plaintiff, Orkin Exterminating Company. He has violated said agreement by calling upon customers of the Plaintiff for the purpose of soliciting business; has attempted to induce an employee of Plaintiff to leave his or her position for the purpose of engaging in the same business with another exterminating company; and has diverted customers from the Plaintiff to his present employer, selling a service for eradication of pests.

The Defendant has engaged in the pest control, extermination, fumigation, and termite control business by working in the employ of Getz Pest Control Company, within Duval County, Florida.

II. While the Court has some discretion in enforcing contracts under F.S. 542.33(2)(a), such discretion is limited to the time and area provisions. As held in *Twenty Four Collection, Inc., v. Keller*, (Fla. DCA, 3rd, 1980) 380 So.2d 1062; *Suave Shoe Corp. v. Fernandez*, (Fla. DCA, 3rd, 1980) 390 So.2d 799; and cases following, the Court may not rewrite a duly executed and valid contract of this kind and the Court is not empowered to refuse to give effect to such a contract on the basis of a finding "that enforcement of its terms would produce an unjust result" in the form of an overly burdensome effect on the employee. See also, *Orkin v. Waits*, (Duval Cir. Ct., 1982) Case No. 82-5905-CA, Order of October 21, 1982; *Orkin v. Newton*, (Duval Cir. Ct., 1981) Case No. 81-1300-CA, 50 Fla.Supp. 175; *Capelouto v. Orkin*, (Fla. 1966) 183 So.2d 532, appeal dismissed 385 U.S. 11, 364, where the Court held that there were no special equities "that would not be present in almost every case of this nature"; *Orkin v. Howell*, (Volusia Cir. Ct., 1966) 29 Fla.Supp. 1; *Orkin v. Truly Nolen*, (Fla. DCA, 1960) 117 So.2d 419, 421; *Empiregas v. Thomas*, (Fla. DCA, 1st, 1978) 351 So.2d 15, affirming its holding in *Atlas v. Morelly*, 98 So.2d 816; *Foster v. Snodgrass*, (Fla. DCA, 2nd, 1976) 333 So.2d 521; and *Akey v. Murphy*, (Fla. 1970) 238 So.2d 94.

The Defendant should be enjoined from engaging in the pest control business as provided by Paragraph 6(d) of the employment agreement.

III. Plaintiff has no adequate remedy of law and Defendant's violations of the employment agreement would cause irreparable harm to the Plaintiff.

Upon consideration of the foregoing, it is, thereupon,

ORDERED AND ADJUDGED:

1. The Preliminary Injunction of April 5, 1984, as further extended

**17**

by Order of April 11, 1984, be and is hereby established as a permanent injunction.

2. The Defendant, Randy A. Murray, is hereby restrained and enjoined from, and he shall not, either directly of indirectly, for himself, on behalf of or in conjunction with any other person, persons, company, partnership, or corporation:

(a) Call upon any customer or customers of the Plaintiff for the purpose of soliciting, servicing or selling any pest control, exterminating, fumigating or termite control service for the eradication or control of, without limitation, rats, mice, roaches, bugs, vermin, termites, beetles, or other insects, rodents, and birds;

(b) Directly or indirectly, alone or in any capacity, solicit or in any manner attempt to solicit or induce any person or persons employed by the Plaintiff or any parent subsidiary or affiliated corporation to leave such employment for purposes of engaging in such prohibited activities, or

(c) Divert, solicit, service, or take away any customer or customers of the Plaintiff for the purpose of selling a service for eradication or control of, without limitation, rats, mice, roaches, bugs, vermin, termites, beetles, or other insects, rodents or birds, within the territory; or

(d) Engage in the pest control, exterminating, fumigating, or termite control business; or work in the employ of Getz Pest Control or any other exterminating and pest control company.

(3) That the injunction imposed herein upon Defendant applies to those aforementioned prohibited acts which he would perform in Duval, Baker, Nassau, Clay, Hamilton, Suwannee, and Columbia Counties, all in the State of Florida, or within any jurisdiction or territory in which the Defendant worked for the Plaintiff at any time during the six (6) calendar months preceding termination of employment, and identified in an employment agreement with the Plaintiff.

4. This permanent injunction will take effect Friday, April 13, 1984, at 12:00 noon as to Paragraph 2(a), (b), and (c) herein, and the Defendant has been personally apprised by this Court of such effect, and said injunction shall expire on April 13, 1986.

5. This permanent injunction will take effect Monday, April 16, 1984, at 8:00 A. M. as to Paragraph 2(d) herein, and the Defendant has been personally apprised by this Court of such effect, and said injunction shall expire on April 16, 1986.

6. A copy of this Permanent Injunction will be furnished to the attorney for the Defendant.