GLICKSTEIN, Judge,
concurring specialty-
I write to elaborate on the facts and the law of this case.
Under a three-way contract, William E. Rice, the plaintiff/appellant, was employed by Cities Sewer as vice president and general manager, subject to Gladys M. Pugh’s direction. On June 17, 1983, Cities Sewer terminated Rice. On June 22, 1983, Cities Sewer filed a replevin action against Rice and his wife, to recover two automobiles owned by the company which were in the Rices’ possession, as well as some documents and keys. Pugh was not a plaintiff in that action. On June 30, 1983, Mr. and Mrs. Rice voluntarily returned the property sought to be replevied, and served their answer, asserting such return, and request *664 ing dismissal. The replevin action was dismissed by stipulation of the parties, and final judgment was rendered, July 7, 1983, dismissing the action with prejudice.
While the replevin action was still pending, and before serving the answer therein, Rice filed an independent action in the same court, seeking damages and equitable relief against both Cities Sewer and Pugh for breach of certain obligations under the employment contract. Copies of the complaint were served on both defendants’ attorneys, who agreed to accept service on their behalf. Subsequently Rice served an amended complaint in this cause. Substantial discovery took place.
After the dismissal of the replevin action, appellees had unsuccessfully sought dismissal of Rice’s contract action for failure to state a cause of action. On October 26, 1983, appellees again moved to dismiss Rice’s suit, alleging it should have been brought as a compulsory counterclaim in Cities Sewer’s replevin action, and was now barred by the stipulated final judgment in the replevin action. This motion was denied.
The defendants answered Rice’s amended complaint on December 16, 1983. When the case was set to come up for trial on May 10, 1984, before an acting circuit court judge (because the previously assigned judge was recovering from surgery), the parties stipulated to dismissal of the contract action without prejudice. Also on May 10, 1984, Rice refiled his action, and it was reassigned to the original judge. On June 26, 1984, Rice filed for relief from the final judgment in the replevin action because by inadvertence it failed to state that the dismissal was without prejudice to Rice’s cause of action. There was a stay until this motion was denied November 15, 1984.
On March 5,1985, Cities Sewer and Pugh filed a motion for summary judgment, again contending Rice’s claims should have been asserted as counterclaims in Cities Sewer’s original replevin action, and were now barred because of the stipulated dismissal with prejudice of that action. Counsel were heard on this motion. On May 10, 1985, the trial court entered a summary final judgment in favor of both defendants, finding that the subject matter of this suit was logically related to that of Cities Sewer’s replevin action in that both arose out of the employment relationship that had existed between Rice and the defendants and his discharge from that employment. She found that the claims already existed at the time of the replevin action; that they should have been filed as a counterclaim when Rice answered the complaint; that Pugh could have been brought in as a necessary party; and that no other exception to the compulsory counterclaim rule appeared to be involved here.
Rice moved for rehearing. The motion was heard and denied. This appeal followed.
The issues, restated, are:
I. Whether the trial court erred in applying the compulsory counterclaim rule because the present claims are not logically related to those concluded in the replevin action.
II. Whether the trial court erred in granting summary final judgment on compulsory counterclaim grounds to the defendant/appellee who was not a party to the former replevin action nor a necessary party to appellant’s claims against the other defendant.
This court has found error as to both of these issues.
I.
Florida Rule of Civil Procedure 1.170(a) and Federal Rule of Civil Procedure 13(a), governing compulsory counterclaims, are virtually identical. The operative language for our present purposes states that a counterclaim is compulsory “provided it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim.” In Hilton Casinos, Inc. v. First National Bank of South Miami, 380 So.2d 1061, 1063 (Fla. 3d DCA 1980) the district court applied the following tests taken from United, States v. Taylor, 342 F.Supp. 715, 717 (D.Kan.1972):
*665 1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
2) Would res judicata bar a subsequent suit on defendant’s claim absent the compulsory counterclaim rule?
3) Will substantially the same evidence support or refute plaintiff’s claim as well as defendant’s counterclaim?
4) Is there any logical relation between the claim and the counterclaim?
In Neil v. South Florida Auto Painters, Inc., 397 So.2d 1160, 1164 n. 7 (Fla. 3d DCA 1981) the same appellate court suggested that the first three of these tests are redundant with the last and with res judicata and collateral estoppel rules. The court indicated the logical relationship test alone will suffice. Id. The Neil court quoted Revere Copper and Brass, Inc. v. Aetna Casualty and Surety Co., 426 F.2d 709, 715 (5th Cir.1970), for an elaboration on the logical relationship test:
[A] claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.
(Emphasis added.)
In my view, the present situation does not meet the common sense tests of Revere. The only ties between the replevin action and the independent action are (1) Mr. Rice’s employment by the company and (2) the end of that employment. Using Revere ⅛ two phrases “same aggregate of operative facts” and “aggregate core of facts,” we see in this case that the replevin action does not involve the parties’ written contract, which embodies the “aggregate core of facts.” The contract is never mentioned in the replevin action because it has nothing to do with the company’s claim; namely, that Mr. Rice was no longer an employee and it wanted its property back.
Let us assume Mr. Rice, on receiving the written notice of termination attached to the replevin action, had a heart attack and died instantly. Six days later, the company sued to get its property back. The personal representative returned the property and filed an answer, as Mr. Rice did here, asserting the property had been returned. The replevin action was dismissed. At Mr. Rice’s death, he had several causes of action arising out of his employment contract and its alleged breach by termination or pre-termination conduct. Under the trial court’s ruling now being appealed, Mr. Rice’s personal representative could not assert his action independently simply because he was no longer an employee and had opted not to contest an action not predicated upon his employment contract.[1]
Let us assume another hypothetical which the writer posed at the oral argu *666 ment of this case, including the same scenario, as here, with respect to the replevin action, but adding thereto, after dismissal of the replevin action, initiation by the company of an action against Mr. Rice, arising out of his employment contract, involving facts discovered after dismissal of the re-plevin action. The company attached the employment contract. Meanwhile, Mr. Rice, having now consulted with counsel about his rights under the employment contract, wants to bring a claim against the company and Mrs. Pugh thereunder — the one he asserts here. Under the trial court’s ruling being appealed, the company could bring its action; but Mr. Rice could not then counterclaim because of his failure to assert the counterclaim in the re-plevin action.
Let us assume yet a third hypothetical. The replevin action arose primarily out of Cities Sewer’s ownership of the automobiles and other property in the hands of Mr. and Mrs. Rice. Even if Mr. Rice had remained employed by the company, Cities Sewer had a right to possess that property and could have sought its return by replev-in if it wished to do so. The employment contract did not in terms give Rice or his wife a right to possess any of the subject property. Thus, although these items of property came to be possessed by Mr. and/or Mrs. Rice because of Mr. Rice’s being vice president and general manager of Cities Sewer, that fact is not controlling. All that really mattered in the replevin action was that the Rices had certain property belonging to Cities Sewer, which wanted it back. From this view, the three-way agreement and Mr. Rice’s subsequent discharge had very little significance to the replevin action, but were at the very foundation of Mr. Rice’s action. The Cities Sewer action was for return of property, which Rice or the Rices had, it is true, by virtue of his employment, but not because of any explicit provision of his contract; whereas Rice was suing for breach of his employment contract, attempted deprivation, by the defendants, of his right of first refusal, and clarification and protection of the latter right — all connected with the three-way agreement and Rice’s termination. Thus, assuming “basis” refers to that which is fundamental to something else, the replevin action and Mr. Rice’s suit did not have at their basis “the same aggregate of operative facts.”
Let us assume a final hypothetical. While the replevin claim was still pending, Mrs. Pugh offered the corporation or its assets for sale to some other party. Are we to believe that unless Rice raised it as a counterclaim to the replevin action at the time of his answer, he could not have sought a declaratory judgment and injunction against appellees during the replevin action or after that action was, by stipulation, dismissed?
Neil is dissimilar to the present case. It involved a contract between the parties under which the appellee was to paint the appellant’s car, and appellant was to pay for the paint job. When Neil would not pay because she didn’t like the result, and tried to remove the car without paying, a company employee tried to prevent the departure by closing the front door. Neil, in trying to turn around so as to use a different exit, damaged two other cars in the garage. There was further argument between Neil and appellee’s employee. When the latter opened the front door because he heard a knock, Neil drove out. The employee tried to prevent her leaving by standing in her path, then got cold feet and got out of the way, but opened her door as she drove past, causing the door to be damaged by hitting against the garage wall. I think it is clear, under these facts and circumstances, why it was determined in Neil that the appellee’s suit for breach of contract and damages arising out of Neil’s negligence and Neil’s suit for assault and battery, false imprisonment and intentional emotional distress (but not for malicious prosecution) arose out of the same aggregate of operative facts. There is no *667 logical way to treat as separate occurrences the act of the appellee’s employee to prevent Neil from removing the car without paying and Neil’s actions in trying to get herself and the car out of the garage.
Here, it is logical to see the replevin action as entirely separate from the counts of. Rice’s action against the appellees. Rice’s action did not ensue from the replev-in action or vice versa, and the replevin action did not depend in any important way on the employment contract and the termination of Rice’s employment. The replevin bears no relation to whether Rice’s termination was a breach of contract, or was intended to take away his right of first refusal, and whether legally his right of first refusal survived his termination.
II.
Rule 1.170(a) requires that a pleading state as a counterclaim a claim against an opposing party which meets the criteria stated in the rule. Appellant urges that even if his claims constituted a compulsory counterclaim against Cities Sewer, they could not have been a compulsory counterclaim against Mrs. Pugh. He contends that although the rules permit bringing in a third party when one raises a counterclaim, and require bringing in an indispensable party, there is no such thing as a compulsory third-party claim. Rice argues, of course, that Mrs. Pugh was not an indispensable party to his claim against Cities Sewer, and was not a party to Cities Sewer’s replevin action against Rice. Appellant cites no authorities for this argument.
Appellees contend that Pugh’s presence as a party to what the court characterized as a compulsory counterclaim was indispensable because, among other reasons, the amended employment agreement was a joint and indivisible undertaking of Cities Sewer and Pugh, and the employment and first refusal rights were indivisible from each other.
Appellees cite authorities which they maintain support the latter contention. However, Flowers v. Finley, 311 So.2d 804 (Fla. 3d DCA 1975) is distinguished by its facts, because it concerned an alleged promise of an interest in a joint venture as a part of an oral employment agreement for a multi-year term; and suit on the provision for an interest in the joint venture was not permitted because by the appellant’s own testimony that provision was inextricably tied to the unenforceable employment contract.
White v. Strange, 237 So.2d 16 (Fla. 1st DCA 1970), also cited by appellees, is not pertinent. There it was held that judgment on the pleadings was inappropriate where the pleadings had raised the unresolved issue as to whether under a specific written contract provision the corporation had entered its fourth year of operation and the then employee, who was the appellant, was entitled to ten percent of the corporate profits. If White is pertinent it would seem to favor Rice rather than the appel-lees.
In Harrison v. Jack Eckerd Corporation, 342 F.Supp. 348 (D.C.Fla.1972), which appellees also cite, a stock option plan for employees was found to be bound up with the oral employment contract for an indefinite term. Again, these facts are too different from those in the present case for the decision to be much help here. Rice did not have a stock option plan along with other employees; he had a right of first refusal in the event the corporation offered to sell its assets or Mrs. Pugh offered to sell her shares in the corporation. The underlying contract here was not oral, nor was it purely an employment agreement, as also involved was Rice’s sale of his business to the appellees. Rice’s right of first refusal was not an inchoate employee benefit and was not necessarily inextricably bound up with his terminable-at-will employment. It may have been, at least in part, consideration for the business he sold appellees.
Mrs. Pugh and the company are not one and the same. Nothing in the agreement made Mrs. Pugh the employer. She had certain authority to supervise and direct Rice; but according to contract terms, the company alone was the employer. Cities *668 Sewer and Mrs. Pugh did not undertake a joint obligation. The company was the employer and also gave Rice first refusal as to its assets if it wished to sell them. Mrs. Pugh gave Rice first refusal as to her stock in Cities Sewer. Mrs. Pugh was not a necessary party as to the claims against the corporation as employer or as potential seller of its assets, and the corporation was not a necessary party as to Rice’s option to buy Mrs. Pugh’s stock in the company.

. At oral argument the writer pointed out the pertinence of another decision of this court, and also pointed out that it was without precedential value because a PCA, albeit the facts are fully described in the dissent. In Dodson v. Holy Cross Hospital, 470 So.2d 56 (Fla. 4th DCA 1985), the writer’s dissent states:
I would reverse the summary final judgment insofar as it enters judgment in favor of Holy Cross Hospital and against Elizabeth M. Dodson, in her individual capacity, for her late husband’s unpaid hospital bill, plus interest, attorney’s fees and costs.
In her capacity as personal representative for her late husband's estate, Mrs. Dodson had sued certain physicians and the hospital for medical malpractice and wrongful death. While that suit was still pending, the hospital commenced a separate suit for Mr. Dodson's unpaid hospital bill, naming Mrs. Dodson, both in her individual capacity and as her decedent's personal representative, as defendant. Mrs. Dodson’s suit was settled with the physicians, and dismissed as to the hospital by joint stipulation. The suit was still pending, however, when the hospital instituted its suit, and Mrs. Dodson stated as an affirmative defense that the hospital’s claim was properly a compulsory counterclaim in her suit against the hospital.
The trial court granted the personal representative summary judgment in the hospital’s suit because the suit was time-barred under section 733.709, Florida Statutes (1983). The court granted summary judgment to Mrs. Dodson in her personal capacity on the ground the hospital’s claim was a compulsory counterclaim in the former suit. Subsequent *666 ly, on rehearing, the court reversed the latter part of the judgment by finding in favor of the hospital in its claim against the widow in her personal capacity.