796 F.2d 279
 Walter J. SPAWR and Frances A. Spawr, Plaintiffs-Appellants,
v.
UNITED STATES of America, and U.S. Dept. of Commerce,
Malcolm Baldridge, Theodore W. Wu, Thomas Hoya,
Thomas Barbour, and John Boidock,
Defendants-Appellees.
 No. 85-6483.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 5, 1986.
Decided Aug. 4, 1986.
 
 Walter Spawr, and Frances Spawr, pro se.
 Stephen Petersen, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before GOODWIN, TANG and FLETCHER, Circuit Judges.
 TANG, Circuit Judge:
 
 
 1
 The Spawrs appeal from the dismissal for lack of subject matter jurisdiction of their damages claim under the Federal Torts Claim Act, 28 U.S.C. Secs. 1346, 2671-2680 (1982). The Spawrs filed their claim in district court seeking damages for suspension of their export privileges by the Department of Commerce. The court dismissed the claim because the Spawrs had not first filed an administrative claim with the Department as required by the F.T.C.A. We affirm.
 
 
 2
 This court reviews a dismissal for lack of jurisdiction de novo because the construction of a statute granting jurisdiction is a question of law. Societe de Conditionnement en Aluminium v. Hunter Engineering Co., 655 F.2d 938, 941 (9th Cir.1981).
 
 
 3
 28 U.S.C. Sec. 2675(a) specifies that a suit may not be instituted against the United States unless it is first presented to the appropriate federal agency and either finally denied or permitted to languish for six months without resolution. This claim requirement is jurisdictional in nature and may not be waived. Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985). Because the Spawrs did not file a claim with the Department of Commerce under the procedure outlined in the Department's regulations at 15 C.F.R. Secs. 2.1-2.8 (1986), the district court properly dismissed their claim.
 
 
 4
 The Spawrs' argument that their claim is actually a counterclaim and that they are therefore exempt from the administrative claim requirement is totally without merit. There exists no Government claim in the district court action against which the Spawrs can counterclaim. While counterclaims are exempt from the requirements of 28 U.S.C. Sec. 2675(a), the Spawrs' claim is not a counterclaim within the meaning of Fed.R.Civ.P. 13(d). When the United States institutes an action, the defendant may assert only compulsory counterclaims. 6 C. Wright and A. Miller, Federal Practice and Procedure Sec. 1427 (1971 & Supp.1986); Northridge Bank v. Community Eye Care Center, 655 F.2d 832, 835-36 (7th Cir.1981).
 
 
 5
 Counterclaims under the F.T.C.A. have been permitted only when the principal action by the United States was in tort and the counterclaim was compulsory in nature. United States v. Taylor, 342 F.Supp. 715, 717 (D.Kan.1972). The United States initiated proceedings against the Spawrs pursuant to the Export Administration Act, 50 U.S.C.App. Sec. 2410 (1982), which permits criminal and civil penalties and administrative sanctions for violations of the Act. Such an administrative proceeding is not a tort action, and it had not been concluded at the time of filing this suit. That the Spawrs have filed an independent suit in a different forum from that in which the Government initiated its proceedings is one indication that they do not have a counterclaim. Furthermore, because the Spawrs seek money damages for the imposition of a Denial Order, they make a claim "of a different form or nature" from that sought by the Government as plaintiff in its proceedings under the Export Act. Frederick v. United States, 386 F.2d 481, 488 (5th Cir.1967).
 
 
 6
 The Spawrs' argument that because the Commerce Department initiated the action against them it would be futile to file an administrative claim also has no merit. The Spawrs rely on Davis v. Bolger, 496 F.Supp. 559, 567 (D.D.C.1980) for the futility principle, but that case addressed the futility of filing a claim with the EEOC when a general policy would simply and routinely be applied to dismiss the plaintiff's claim. There is no such general policy at issue here and the Spawrs offer no evidence that their tort claim would not be responsibly processed.
 
 
 7
 The judgment of dismissal is AFFIRMED.