**UNITED STATES of America, Plaintiff,**

**v.**

**MARTECH USA, INC., Hobbs Industries, Inc., and Chugach Electric Association, Inc., Defendants.**

**No. A91–290 Civil.**

United States District Court,
D. Alaska.

Sept. 14, 1992.

Mickale Carter, U.S. Atty., Anchorage, Alaska, for plaintiff.

Frederick H. Hahn, Dayan & Hahn, Anchorage, Alaska, for defendant Hobbs Industries, Inc.

Robert Richmond, Richmond & Quinn, Anchorage, Alaska, for defendant Martech, USA, Inc.

Carol Johnson, Chugach Elec. Ass'n, Anchorage, Alaska, for defendant Chugach Elec. Ass'n, Inc.

## REVISED ORDER

(Motion to Dismiss Counterclaims)

HOLLAND, Chief Judge.

The United States moves to dismiss defendant Martech's counterclaims for indemnification and discriminatory enforcement activities by the Environmental Protection Agency (EPA) with respect to the Knik Arm Power Plant. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

The issues presented by the instant motion are: 1) Does this court have subject matter jurisdiction over Martech's counterclaim for indemnification; or is that claim subject to dismissal for failure to state a claim upon which relief can be granted; and 2) should Martech's counterclaim for discriminatory enforcement be dismissed for failure to state a claim.

With respect to counterclaims involving the United States government, Rule 13(d), Federal Rules of Civil Procedure, provides in pertinent part:

These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or claim credits against the United States or an officer or agency thereof.

Thus, unless the government has waived sovereign immunity, counterclaims against it must be dismissed. There is an exception to this rule for claims of recoupment against the government. Wright, Miller and Kane, 6 *Federal Practice and Procedure*, § 1401, at 10, and § 1427, at 197 (1990).

The government asserts that Martech's counterclaim is not one for recoupment. The court agrees. Martech's claim is one for indemnification.

Martech contends that its counterclaim may be sued upon under 28 U.S.C. § 2674, the Federal Tort Claims Act. This court assumes that the latter is so for the sake of discussion. Martech further contends that counterclaims are not subject to the requirements of the Federal Tort Claims Act as regards the presentation of the claim to the appropriate agency. *See* 28 U.S.C. § 2675(a). The court also accepts this proposition but only if the counterclaim is a compulsory one. *Spawr v. United States*, 796 F.2d 279, 281 (9th Cir.1986); *United States v. Taylor*, 342 F.Supp. 715, 717–718 (D.Kan.1972).

Applying the tests set out in *Taylor* on the facts of this case, the court concludes that Martech's counterclaim for indemnity is permissive, not compulsory.[1] The government's affirmative claim is statutory, based upon 42 U.S.C. § 7142(c) and (e). The government must prove that the statute was violated and that defendant was responsible. To have a successful claim for indemnification, defendant Martech must prove that the government was

---

1. *See* Wright, Miller & Kane, 6 *Federal Practice* and *Procedure*, § 1410, at 52–55 (1990).

negligent, at least in part, and that Martech suffered damage because of that negligence. Although there would certainly appear to be a logical relation between claim and counterclaim, the facts and the law required to prove the government's claim and the Martech counterclaim are quite different. The court concludes that *res judicata* would not apply in a subsequent suit.

Because Martech's counterclaim is not compulsory, Martech does not get the benefit of the excuse from complying with the administrative processes under the Federal Tort Claims Act that would be available to it were the claim compulsory. As to Martech's permissive counterclaim for indemnity, sovereign immunity has not been waived; and that counterclaim is DISMISSED.

The government makes an alternative argument to the effect that the indemnity counterclaim is jurisdictionally barred by the discretionary function exception of the Federal Tort Claims Act. 28 U.S.C. § 2680(a).

There is no allegation in Martech's answer that either EPA or OSHA officials were acting outside their official capacities or in a fashion not prescribed by the respective regulatory schemes. Rather the allegation is that they failed in their regulatory duties. Based upon the government's analysis of the discretionary function argument and the cases relied upon by the government, the court concludes that the indemnification counterclaim is jurisdictionally barred for this reason as well. *See Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); *United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984); *Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988); *United States v. Gaubert*, —— U.S. ——, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).

The government's motion to dismiss Martech's claim for indemnification for lack of subject matter jurisdiction and for failure to state a claim is GRANTED.

The government also moves to dismiss Martech's claim for selective enforcement.

While the court suspects that this claim may very well be vulnerable to a sovereign immunity argument, the court is not persuaded at this time that Martech has failed to adequately plead a claim of selective enforcement. The government has at its disposal the full range of discovery allowed by the Federal Rules of Civil Procedure for the purpose of requiring Martech to justify or limit the extent of its claim.

The motion to dismiss Martech's counterclaim of selective enforcement is DENIED.