*292 MEMORANDUM *
Plaintiff Michael Oksner filed this action on behalf of all commercial pilots who lost, or would soon lose, their commercial licenses under the Federal Aviation Administration’s former “Age 60 Rule,” 14 C.F.R. § 121.383(c) (2006), which prohibited most commercial airline pilots from flying after their 60th birthdays, but which has since been repealed by the Fair Treatment for Experienced Pilots Act, Pub.L. No. 110-135, 121 Stat. 1450 (2007) (codified as amended at 49 U.S.C. § 44729) (the “Fan-Treatment Act”).[1]
Oksner sought injunctive relief and a declaratory judgment that the Rule violated the equal protection right guaranteed by the Fifth Amendment, damages against the United States under the Federal Tort Claims Act (“FTCA”), and damages against four current or former FAA administrators in their individual capacities for their role in enforcing the allegedly unconstitutional rule.
The district court dismissed the action with prejudice and Oksner appeals. We have jurisdiction under 28 U.S.C. § 1291, and affirm.[2]
1. With respect to Oksner’s claim for injunctive and declaratory relief, the Fair Treatment Act, 49 U.S.C. § 44729(d), repeals the Age 60 Rule; therefore, this claim is moot.
2. With respect to Oksner’s claim for damages under the FTCA, the district court correctly determined that it lacked jurisdiction over Oksner’s claim because Oksner failed to exhaust his administrative remedies, which is an “unambiguous” jurisdictional prerequisite to bringing suit under the FTCA. McNeil v. United States, 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). Contrary to Oksner’s argument, there is no futility exception to this requirement. See Spawr v. United States, 796 F.2d 279, 281 (9th Cir.1986). Nor is Oksner excused from complying with this requirement because he raises a constitutional issue. In fact, to the extent his claim amounts to a constitutional tort, it is not actionable at all under the FTCA. See FDIC v. Meyer, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).
3. Oksner’s attempt to seek a remedy against the individual FAA administrators under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), also fails. Because the Administrative Procedure Act (“APA”) creates a remedy for seeking judicial redress of alleged constitutional violations by federal agencies, see 5 U.S.C. §§ 702, 704, 706(2)(B), no Bivens remedy is available in these circumstances. See W. Radio Servs. Co. v. U.S. Forest Serv., No. 08-35186, 2009 WL 2568706, at *6 (9th Cir. Aug.21, 2009) (“[T]he APA leaves no room for Bivens claims based on agency action or inaction.”); Sky Ad, Inc. v. McClure, 951 F.2d 1146, 1148 (9th Cir.1991).
4. Finally, although Oksner’s complaint is unclear, the district court construed it as seeking to bring a common-law tort claim against the individual defendants. The district court correctly determined that it lacked personal jurisdiction over the FAA administrators. See Doe v. Am. Nat’l Red Cross, 112 F.3d 1048, 1051 *293 (9th Cir.1997) (holding that a district court lacks personal jurisdiction over agency head based solely on his “role in the regulatory process”).
5. In light of these circumstances, “it is clear, upon de novo review, that the complaint could not be saved by any amendment”; thus, the district court did not err in dismissing the action without leave to amend. See Lee v. City of L.A., 250 F.3d 668, 692 (9th Cir.2001) (citation and quotation marks omitted).
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. No plaintiffs’ class was certified.

. Because the facts and prior proceedings are known to the parties, we restate them here only as necessary to explain our disposition.