**Frank K. KOTARSKI,
Plaintiff–Appellant,**

v.

**V.L. COOPER, A.E. Navarro, W.J. Tinston, J.H. Kirkpatrick, Naval Air Rework Facility, Capt. P.A. Monroe, in his official capacity, Defendants–Appellees.**

No. 84–5673.

United States Court of Appeals,
Ninth Circuit.

Jan. 27, 1989.

Frank K. Kotarski, San Diego, Cal., in pro per.

Richard A. Olderman, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before NELSON, CANBY and HALL, Circuit Judges.

CANBY, Circuit Judge:

This case has been remanded by the Supreme Court for our reconsideration in light of its recent decision in *Schweiker v. Chilicky,* —— U.S. ——, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). When the matter was last before us, we held that the district court erred in dismissing Kotarski's *Bivens* claim because he had no meaningful remedy for violations of his constitutional rights. *Kotarski v. Cooper*, 799 F.2d 1342 (9th Cir.1986). The Supreme Court granted

certiorari, vacated our decision, and remanded the case. *Cooper v. Kotarski,* —— U.S. ——, 108 S.Ct. 2861, 101 L.Ed.2d 897 (1988). Upon reconsideration, we reverse our prior decision and affirm the district court.

Frank K. Kotarski was a civilian employee of the Navy.[1] He was promoted to a supervisory position subject to a one-year probationary period. He was demoted to his former position during that year, and later filed suit for damages under *Bivens.*[2] He alleged that he had been demoted because his superiors did not approve of his living arrangements with a woman friend, in violation of his constitutional right to privacy, and because he had expressed disagreement with certain policies and expenditures, in violation of his first amendment right of free speech.

We originally found that *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), did not bar Kotarski's *Bivens* claim because the administrative remedies available to him, as a probationary employee, under the Civil Service Reform Act were inadequate to provide appropriate relief. We emphasized that a remedy must be "meaningful" before *Bush* will bar a *Bivens* action. As the remedies for a probationary employee are, in effect, discretionary with the employing agency, we held that Kotarski had no meaningful remedy for a violation of his constitutional rights. Accordingly, we ruled that his *Bivens* cause of action should not have been dismissed.

In *Chilicky,* however, the Supreme Court emphasized the comprehensiveness of the Civil Service remedial system at issue, and indicated that courts should defer to the expertise of Congress in these matters. *Chilicky,* 108 S.Ct. at 2468–69. Where Congress has designed a program that provides what it considers adequate remedial mechanisms for constitutional violations, *Bivens* actions should not be implied. *Id.* So long as Congress'

failure to provide money damages, or other significant relief, has not been inadvertent, courts should defer to its judgment, because "Congress is the body charged with making the inevitable compromises required in the design of a massive and complex ... program." *Id.* at 2470–71.

The Civil Service Reform Act provides a mechanism to appeal agency actions based on "partisan political affiliation or marital status" to the Merit Systems Protection Board. *See* 5 C.F.R. § 315.908(b). Similarly, probationary employees may submit a complaint to the Special Counsel of the Board regarding "prohibited personnel practices," which includes reprisals against "whistleblowers." *See* 5 U.S.C. § 1206(a)(1). Here, as in *Chilicky,* Congress "chose specific forms and levels of protection for the rights of persons affected" by possible violations of their constitutional rights. *Chilicky,* 108 S.Ct. at 2469. Because Congress provided some mechanism for appealing adverse personnel actions, it cannot be said that the failure to provide damages, or complete relief, was "inadvertent." As a result, this court cannot imply a *Bivens* remedy. To do so would improperly disregard the rationale of *Chilicky.*

Two other circuit courts, interpreting the same statutory scheme at issue here, have reached the same result in light of *Chilicky.* *See McIntosh v. Turner,* 861 F.2d 524 (8th Cir.1988); *Spagnola v. Mathis,* 859 F.2d 223 (D.C.Cir.1988) (*en banc*). We find these opinions persuasive and hold that no *Bivens* action can be implied for Kotarski in light of *Chilicky.*

AFFIRMED.

**1.** The full facts are set out in our prior decision, *Kotarski v. Cooper,* 799 F.2d 1342 (9th Cir.1986).

**2.** In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court implied a damage remedy against federal officers for violation of constitutional rights.