**SKY AD, INC., Robert Cannon,**
**Plaintiffs–Appellants,**

v.

**Homer C. McCLURE, Jacqueline Smith,**
**Merle Clure, John Mayhoffer, James A.**
**Holweger, Defendants–Appellees.**

No. 90–56021.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 1991.

Decided Dec. 24, 1991.

Scott D. Raphael, Fenigstein & Kaufman, Los Angeles, Cal., for plaintiffs-appellants.

James R. Sullivan, Asst. U.S. Atty., Civil Div., Los Angeles, Cal., for defendants-appellees.

Before NORRIS and THOMPSON, Circuit Judges, and KING, District Judge.*

NORRIS, Circuit Judge:

This action arises out of an FAA rule banning fixed wing aircraft from the air route along the portion of California coast from Northern San Diego County to Ventura County known as the "shoreline transition." In *Southern California Aerial Advertisers' Ass'n v. FAA,* ("SCAA"), 881 F.2d 672, 678 (9th Cir.1989), we held that the ban was a substantive rule and that it was invalid because it was not promulgated in compliance with the publication and comment requirements of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553.

Appellant Robert Cannon is the sole owner of appellant Sky Ad, Inc., which was in the business of towing advertising banners by fixed-wing aircraft along the Southern California coast. Alleging that the FAA rule banning fixed-wing aircraft from the shoreline transition destroyed their business, appellants brought this action for damages on two discrete bases: First, they claimed that the United States is liable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), because the FAA's failure to comply with the APA in promulgating the rule constituted a breach of the duty of due care the FAA owed to appellants. Second, appellants claimed that individual FAA officials are liable under *Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for violating their constitutional rights.

The district court awarded summary judgment to the United States on the FTCA claim and dismissed the *Bivens* claim under Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

I

The United States initially moved to dismiss the FTCA claim under Fed.R.Civ.P. 12(b)(6) on the ground that the type of damages appellants sought to recover were not cognizable under California law. The district court denied the motion, but granted a later United States' motion for summary judgment on the grounds that appellants failed to establish proximate cause and that the FTCA exceptions for discretionary functions, misrepresentations, and interference with contract rights applied.

 We need not review this summary judgment because we hold that Congress clearly did not intend the FTCA to establish liability in tort for failure to comply with publication and comment requirements for administrative rulemaking.[1] A House Report on the FTCA stated: "[It is not] desirable or intended that the constitutionality of legislation, or the legality of a rule or regulation should be tested through the medium of a damage suit for tort." H.R.Rep. No. 1287, 79th Cong., 1st Sess. 6 (1945). Accordingly, appellants' claim must be dismissed.[2]

---

\* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

1. Although the United States did not advance this argument, we may affirm summary judgment on any basis that is supported by the record. *See United States v. Simas,* 937 F.2d 459, 462 (9th Cir.1991).

2. Our holding that appellants do not state a claim is consistent with that of the Second Circuit in a nearly identical case. The plaintiff in *C.P. Chemical Co. v. United States,* 810 F.2d 34 (2d Cir.1987), asserted an FTCA claim for the failure of an agency to follow applicable statutory procedures in promulgating a rule banning its product. After stating that the "plain meaning [of the FTCA] is that the United States cannot be held liable when there is no comparable cause of action against a private citizen," *id.* at

37–38, the Second Circuit held that the United States is not liable under the FTCA for an agency's failure to abide by applicable rulemaking procedures because " 'quasi-legislative ... action ... is action of the type that private persons could not engage in and hence could not be liable for under local law.' " *Id.* (quoting *Jayvee Brand, Inc. v. United States,* 721 F.2d 385, 390 (D.C.Cir.1983) (opinion of Bork, J.) (not joined by other panel members)).

The Second Circuit also reasoned that the discretionary function exception barred the claim because the ban itself was discretionary and that "the procedures by which a rule is adopted are integral to, and intertwined with, the decision to adopt the substantive regulation." 810 F.2d at 37. *See also Adras v. Nelson,* 917 F.2d 1552–57 (11th Cir.1990) (FTCA claim based on deviation from APA publication and comment requirements in promulgating sub-

## II

██ We next consider the district court's dismissal of the appellants' *Bivens* claim under Fed.R.Civ.P. 12(b)(6). As *Bivens* itself emphasized, the implication by courts of a tort action for alleged constitutional violations is inappropriate when there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Bivens v. Six Unknown Agents*, 403 U.S. 388, 396, 91 S.Ct. 1999, 2004-05, 29 L.Ed.2d 619 (1971). We affirm the dismissal of appellants' *Bivens* claims because the presence of an explicit remedy for unconstitutional rulemaking in the APA, Congress' rejection of tort remedies for rulemaking in the FTCA, and the overall unprecedented nature of appellants' tort theory are such special factors.[3]

In *Kotarski v. Cooper*, 866 F.2d 311, 312 (9th Cir.1989), we enunciated a test for implication of a *Bivens* action when Congress has provided some remedy for constitutional violations. We stated there that we would not imply a *Bivens* action to supplement relief under another congressionally enacted plan "[s]o long as Congress' failure to provide money damages, or other significant relief, has not been inadvertent." *Id.* Congress' authorization in the APA for courts of appeals to set aside unconstitutional rulemaking triggers this test.[4]

In light of this test, we find it significant that Congress indicated that tort damages were an inappropriate remedy for unconstitutional rulemaking. As we noted above, a House Report on the FTCA stated that Congress did not intend to use tort suits for damages to resolve questions about the constitutionality of rulemaking. *See supra* p. 1148.

Although we have not located any explicit discussion of the precise question presented here, we think the legislative history of the APA suggests another special factor counselling hesitation: the unprecedented nature of appellants' tort theory. A congressman described the publication and comment requirements of the APA as "much like the hearings that we now have before our committees in the House." 92 Cong. Rec. 5656 (1946) (remark of Rep. Gwynne). In essence, then, appellants' theory would be equivalent to holding individual members of Congress liable for irregularities in their conduct of· hearings. We hardly find it surprising that the legislative history does not include extensive consideration of such a tort theory that would be, at a minimum, novel. *See Jayvee Brand, Inc. v. United States*, 721 F.2d 385, 396 (D.C.Cir.1983) (Lumbard, J., concurring) (the novelty of a claim based on failure to comply with publication and comment requirements in promulgating a rule counsels

---

stantive rule barred by discretionary function exception).

Because we find that Congress clearly intended that failure to comply with publication and comment requirements for rulemaking not state a claim under the FTCA, we express no view on either of these two rationales put forth by the Second Circuit.

**3.** The individual FAA officials first argued promulgation of the ban did not violate any constitutional right. Even if the allegations rose to the level of a violation of a constitutional right, they argued that a *Bivens* action should not be implied because Congress provided other remedies under the APA. Even if a *Bivens* action were implied, they argued it would be barred by qualified immunity and the statute of limitations. Finally, they argued that appellants had made no showing of proximate cause. We need only decide the question whether there are spe-

cial factors counselling hesitation in implying a tort remedy in the absence of Congressional action.

**4.** The APA provides, in pertinent part, that the courts of appeal may set aside agency action "contrary to constitutional right." 5 U.S.C. § 706(2)(B) (1988).

In *SCAA*, we invalidated the order because it was promulgated in violation of the publication and notice requirements of the APA and therefore found it unnecessary to consider Sky Ad's argument that the ban violated due process. 881 F.2d at 678 n. 6. Because we conclude that Sky Ad is entitled to no additional relief for any constitutional violations, we also need not decide today whether failure to adhere to the publication and comment requirements of the APA offends due process or, as appellants suggest, whether a ban that distinguishes between types of aircraft offends equal protection.

against imposing liability under the FTCA).[5]

This unprecedented nature of appellants' tort theory, in addition to the explicit remedies provided by the APA and Congress' rejection of tort remedies under the FTCA for procedural flaws in rulemaking, makes us confident that Congress did not inadvertently fail to provide an action for money damages against individual government officials for failure to comply with publication and comment requirements. Under *Kotarski*, we must therefore affirm the district court's dismissal of the action. 866 F.2d at 311.[6]

### III

Finally, we consider appellants' argument that a letter by United States' counsel informing us of a recent decision by another panel of this court establishing the statute of limitations for *Bivens* claims warrants sanctions under Fed.R.App.P. 28(j) for failure to cite the decision "without argument."

In an effort to show that the letter is improperly argumentative, appellants cite *Southern Carolina Electric & Gas Co. v. I.C.C.*, 734 F.2d 1541 (D.C.Cir.1984). Appellant there argued that its objection to a new regulation was ripe and cited a recent decision of the I.C.C. applying the regulation to a different party. In addition to citing the new I.C.C. decision, the appellant there argued that the new regulation would affect "the course of contract rate negotiations." *Id.* at 1546. The letter in

this case, in contrast, only applies the statute of limitations adopted in the recent case to the dates of the FAA rule. This is hardly argument and falls far short of a violation of Rule 28(j).[7]

### IV

For the reasons stated herein, we AFFIRM the orders of the district court awarding summary judgment to the United States on the FTCA claim and dismissing the *Bivens* claims against the individual FAA officials for failure to state a claim. The motion for sanctions is DENIED.

---

**5.** We express no view on Judge Lumbard's suggestion that the FTCA encompasses only claims for "'ordinary common-law torts' (*e.g.*, negligent auto accidents)." *Id.* 721 F.2d at 396.

**6.** Our holding comports with the D.C. Circuit's that a firm did not state a *Bivens* claim against Consumer Product Safety Commissioners for their failure to comply with applicable publication and comment requirements in promulgating a ban of its product. *Jayvee Brand, id.* at 395. *Jayvee Brand* held that a *Bivens* claim would not be implied for such "quasi-legislative rulemaking" because "[l]egislation is a function entitled to absolute immunity, with the immunity following the function and not the office." *Id.* (citations omitted). Although *Jayvee Brand's* analysis relies on the Supreme Court's extension of absolute legislative immunity to state supreme court judges promulgating rules

for attorney discipline in *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734, 100 S.Ct. 1967, 1976, 64 L.Ed.2d 641 (1980), we note that the Court has more recently been "quite sparing in its recognition of claims to absolute official immunity," *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 542, 98 L.Ed.2d 555 (1988); *cf. Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 404 n. 26, 99 S.Ct. 1171, 1178 n. 26, 59 L.Ed.2d 401 (1979) (declining to reach question of whether legislative immunity attached to such local rulemakers as city commissioners). We therefore express no opinion on the proper scope of immunity here.

**7.** Moreover, although the D.C. Circuit characterized the letter as an "impermissible attempt to supplement oral argument," *id.* at 1546, there is no indication that it awarded sanctions.