**Gary L. LEKVOLD, Plaintiff,**

v.

**WESTINGHOUSE HANFORD CO.,
and Westinghouse Electric
Corp., Defendants.**

**No. CY–91–3011–FVS.**

United States District Court,
E.D. Washington.

Feb. 25, 1992.

Stephen J. Sirianni, Sirianni & Youtz, Seattle, WA, Thad M. Guyer, T.M. Guyer & Friends, Professional Corporation for Law & Advoc., Medford, OR, Thomas Carpenter, Government Accountability Project, Washington, DC, for plaintiff.

William R. Squires, III, Davis Wright Tremaine, Seattle, WA, for defendants.

### ORDER RE: MOTION TO DISMISS CONSTITUTIONAL CLAIMS

VAN SICKLE, District Judge.

**BEFORE THE COURT** is Defendants' Motion to Dismiss Constitutional Claims for

Failure to State a Claim, Ct.Rec. 13, heard with oral argument on January 17, 1992. Plaintiff was represented by Thad M. Guyer and Stephen Sirianni. Stuart Dunwoody and Robert Dutton represented the Defendants.

## Jurisdiction

This Court has jurisdiction over the Plaintiff's claims arising under the First and Fifth Amendments of the Constitution of the United States pursuant to 28 U.S.C. § 1331, which provides for federal court jurisdiction for any questions "arising under the Constitution." 28 U.S.C. § 1331.

## Facts

The Plaintiff, Gary Lekvold, is employed by Westinghouse Hanford Company (WHC) as a senior engineer assigned to the Security Applications Center of the Safeguards and Security Function of the Hanford Nuclear Reservation in Hanford, Washington. Part of Gary Lekvold's job was to design and analyze security systems for the protection of on-site facilities and nuclear materials at Hanford.

In April 1988, he began dissenting from some of his supervisors' conclusions regarding the security of nuclear materials storage. In March 1989, he was removed from the work site, but continued on the WHC payroll.

Mr. Lekvold alleges that after dissenting from the Westinghouse management decisions, his credibility was attacked and disparaging reports about his mental health were entered into his personnel file. He also alleges that although his job required direct interaction with officials from the Department of Energy (DOE), he was not allowed to deal with DOE officials without a Westinghouse manager present.

Mr. Lekvold claims that his rights under the First Amendment of the United States Constitution were violated when the Defendants limited his free speech regarding criticism of the facilities, and his Fifth Amendment property rights were violated when the Defendants removed him from his work site without due process.

## Discussion

The Defendants have moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Plaintiff's constitutional claims for failing to state a claim upon which relief can be granted. When a moving party relies on matters outside of the pleadings when presenting a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court considers the motion as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Fed. R.Civ.P. 12(b)(6). The Defendants having supplemented their motion with exhibits, the Court will consider Defendants' Motion To Dismiss as a Motion for Summary Judgment.

The purpose of a summary judgment, under Rule 56 of the Federal Rules of Civil Procedure, is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.1975) *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399. The moving party is entitled to judgment as a matter of law if, with the evidence and the inferences viewed in a light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute. Fed. R.Civ.P. 56(c); *Semegen v. Weidner*, 780 F.2d 727 (9th Cir.1986).

Rule 56 specifies that a defending party may move for summary judgment with or without supporting affidavits. Fed.R.Civ.P. 56(b). A party seeking summary judgment always bears the initial burden of:

> identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file ... which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The motion shall be granted if "... there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In his complaint, Mr. Lekvold alleges that WHC is a "federal actor" thereby subject to suit for constitutional violations. The Defendants deny qualifying as federal actors. Determining whether or not the Defendants are "federal actors" is not necessary for the purpose of this motion, and the Court does not address the issue. Plaintiff's other factual allegations are accepted as true for the pur-

poses of this motion. (Def.'s Mem.Supp.Mot. at 2.)

■ The issue before the Court is: absent any statutory cause of action, does the Plaintiff state a claim on which relief can be granted. If no such statute exists to allow Mr. Lekvold to recover on his constitutional claims, he must look to a judicially created cause of action. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

In *Bivens*, the Plaintiff sought damages from federal agents for violations of the Plaintiff's Fourth Amendment rights. *Bivens*, 403 U.S. at 390, 91 S.Ct. at 2001. The Court determined that, even though no statutory cause of action existed, the Plaintiff's "complaint state[d] a cause of action under the Fourth Amendment ... [and that Plaintiff] is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment." *Bivens*, 403 U.S. at 397, 91 S.Ct. at 2005.

The Supreme Court of the United States created a *Bivens* type remedy for violation of Eighth Amendment rights in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). However, the Court noted that a *Bivens* cause of action can be defeated in two situations:

> The first is when defendants demonstrate "special factors counselling hesitation in the absence of affirmative action by Congress." [Cites omitted.] The second is when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective.

*Carlson v. Green*, 446 U.S. 14, 18–19, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980) (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396, 91 S.Ct. 1999, 2004, 29 L.Ed.2d 619 (1971); *Davis v. Passman*, 442 U.S. 228, 245, 99 S.Ct. 2264, 2277, 60 L.Ed.2d 846 (1979)). The Court noted in *Carlson* that the plaintiff's complaint could support a suit under the Federal Tort Claims Act (FTCA), but that there was no indication in the legislative history of the FTCA that Congress intended the FTCA "to preempt a *Bivens* remedy or to create an equally effective remedy for constitutional violations." *Carlson v. Green*, 446 U.S. at 19, 100 S.Ct. at 1472. The legislative history of amendments to the FTCA indicate that Congress considered FTCA and *Bivens* to be parallel causes of action. *Id.* at 19–20, 100 S.Ct. at 1472.

*Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), is factually similar to the instant case. The Plaintiff was an engineer employed at a facility operated by the National Aeronautics and Space Administration. *Id.* The Plaintiff was demoted for making public comments highly critical of the center. *Id.* at 369, 103 S.Ct. at 2407. The Plaintiff filed a claim for violation of his First Amendment rights. *Id.* at 372, 103 S.Ct. at 2408.

The Plaintiff's civil service remedies created by Congress represented "an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations." *Id.* at 388, 103 S.Ct. at 2417. A *Bivens* remedy was not necessary, because the civil service remedies, although short of providing "complete relief" to the Plaintiff, were available and the product of Congressional action. *Id.* The relationship between the federal government and its employees was identified as a "special factor counselling hesitation." *Bush*, 462 U.S. at 372, 103 S.Ct. at 2408.

Prior *Bivens* analysis was analyzed in *Bush*:

> The federal courts' statutory jurisdiction to decide federal questions confers adequate power to award damages to the victim of a constitutional violation. When Congress provides an alternative remedy, it may, of course, indicate its intent, by statutory language, by clear legislative history, or perhaps even by the statutory remedy itself, that the courts' power should not be exercised. In the absence of such a congressional directive, the federal courts must make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed, however, to any special factors counselling hesitation

before authorizing a new kind of federal litigation.

*Bush,* 462 U.S. at 378, 103 S.Ct. at 2411.

Other cases have identified a variety of "special factors" that warrant hesitation in the creation of a *Bivens* type remedy. The special power of Congress was identified as the "exclusive arbiter of federal fiscal affairs" as a reason not to create a judicial remedy for the Government to recover damages against Standard Oil Company in *United States v. Standard Oil Co.,* 332 U.S. 301, 314–15, 67 S.Ct. 1604, 1611, 91 L.Ed. 2067 (1947). In *Schweiker v. Chilicky,* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988), the Court declined to create a *Bivens* remedy for parties to recover damages for deprivation of social security benefits, because Congress is in a better position to determine public interest than the judiciary. *Schweiker v. Chilicky,* 487 U.S. 412, 427, 108 S.Ct. 2460, 2469, 101 L.Ed.2d 370 (1988).

■■■ An absence of statutory relief for constitutional violations does not imply that a judicial remedy should be created. *Id.* at 421, 108 S.Ct. at 2466. "[T]he concept of 'special factors counselling hesitation in the absence of affirmative action by Congress' has proved to include an appropriate judicial deference to indications that congressional inaction has not been inadvertent." *Id.* at 423, 108 S.Ct. at 2468. *Bivens* remedies will not be created when the design of programs indicates that Congress has already provided what it would deem to be adequate remedies, whether or not the remedies offer complete relief. *Id.*

■■ Plaintiff here argues that a *Bivens* remedy is appropriate because Congress has been inadvertent in not creating a legislative remedy for violation of whistle-blowers' rights at Department of Energy (DOE) facilities. Plaintiff contends that although such legislation has been introduced, Congress has not "waded deeply" enough into consideration of enacting such legislation to avoid being characterized as "inadvertent" in its failure to enact any of the remedies.

The Defendants contend that two "special factors counselling hesitation" exist in this case: Congress has considered and rejected whistle-blower legislation for DOE contractor employees; and Plaintiff has alternative remedies available. Defendants offer an overview of proposed legislation concerning DOE contractor whistle-blower remedies. (Def.'s Reply Supp.Mot.Dismiss at appendix.) They argue that Congress's failure to enact any of these proposals does not constitute "Congressional inadvertence," but rather indicates that the legislation has not yet been presented in a form suitable for enactment.

These same arguments were addressed in a recent case in this district, *Bricker v. Rockwell Hanford Operations, et al.,* No. CY–90–3090–AAM, 1991 WL 268026 (E.D.Wash. Sept. 17, 1991). The Plaintiff in *Bricker* was an employee of Rockwell Hanford Company, who becoming concerned about safety operations at the Hanford nuclear facility, voiced his concerns to co-employees, to members of the United States Congress, and to the news media. *Bricker v. Rockwell Hanford Operations, et al.,* slip op. at 2–3. The plaintiff alleged that his whistle-blowing resulted in a conspiracy by the defendants to deprive him of his constitutional rights and to discredit and harass him. *Id.* at 3. Bricker sought damages for alleged violations of his First Amendment rights to free speech and association, his Fourth Amendment right to be free from unreasonable searches, and his Fifth Amendment rights to due process and privacy. *Id.* at 4.

Judge McDonald reviewed the numerous attempts by Congress to pass legislation creating remedies for whistle-blowing employees of government-owned contract-operated (GOCO) facilities, such as Hanford. *Id.* at 13. The judge rejected Plaintiff's argument that a failure to enact legislation constitutes "Congressional inadvertence." *Id.* In concluding that creation of a *Bivens* remedy would be inappropriate in *Bricker,* the court noted:

Congressional inaction that is inadvertent? Hardly. The congressional record is clear that Congress is and has been aware of the situation regarding "whistle-blowers" at GOCO facilities, but has failed to enact a comprehensive statutory remedial scheme. It is difficult to imagine a stronger case of

what this court shall term "deliberate inaction."

*Id.*

Mr. Lekvold's case is factually similar to the *Bricker* case. Like Mr. Bricker, Mr. Lekvold works in a Department of Energy, government-owned contract-operated nuclear facility in Hanford, Washington. Although Mr. Bricker may have had some additional administrative remedies available to him because of the nature of his claims, the legislative history for DOE GOCO whistle-blowers is equally applicable to Mr. Lekvold as to Mr. Bricker. Also applicable to Mr. Lekvold's case is the *Bricker* Court's analysis of failed Congressional attempts to enact legislation to create remedies for whistle-blowers at DOE GOCO facilities.[1]

This Court rejects the contention that Congress's repeated consideration of remedies for whistle-blowers at GOCO facilities, and refusal to enact those remedies, equates "congressional inadvertence." Rather, it is apparent Congress has considered and rejected enacting such remedies.

The Defendants argue that a second "special factor" exists that counsels against creation of a judicial remedy: the Plaintiff had alternative remedies available to him, which he used, albeit unsuccessfully. One of the avenues available to Mr. Lekvold was the DOE Richland Operations office "Employee Concerns Program," which investigates the complaints of DOE contractor employees. (Def.'s Mem.Supp.Mot. at 13.) Another was in the Inspector General Act of 1978, which prohibits retaliation against employees who bring complaints to the attention of the Inspector General. (*Id.* at 14.) A third remedy was through DOE Order 5483.1A, which provides safety and health protection for GOCO employees, similar to those found in private industry under the Occupational Safety and Health Act. (*Id.* at 15.) Mr. Lekvold does not contest that these remedies exist, but argues that these nonstatutory remedies do not satisfy the alternative available remedies as discussed in *Schweiker v. Chilicky.*

In *Chilicky,* the Court noted that it was inappropriate to judicially create remedies when "Congress has provided what it considers adequate remedial mechanisms for constitutional violations." *Schweiker v. Chilicky,* 487 U.S. 412, 423, 108 S.Ct. 2460, 2468, 101 L.Ed.2d 370 (1988). As noted in *Bricker,* the "Ninth Circuit has applied the *Chilicky* expansion in a number of cases and held that where Congress has provided *some* mechanism for relief, *Bivens* claims are precluded." *Bricker v. Rockwell Hanford,* No. CY–90–3090–AAM, slip op. at 7, 1991 WL 268026 (E.D.Wash. Sept. 17, 1991).

The Ninth Circuit has also declined to create a *Bivens* remedy because alternative remedies existed that had been administratively, not statutorily, created. *See id.* (citing *Berry v. Hollander,* 925 F.2d 311 (9th Cir.1991); *Saul v. United States,* 928 F.2d 829 (9th Cir.1991); *Karamanos v. Egger,* 882 F.2d 447 (9th Cir.1989); *Kotarski v. Cooper,* 866 F.2d 311 (9th Cir.1989)). Because they were not statutory does not mean Mr. Lekvold's alternative remedies should be disregarded.

Congress has not been inadvertent in its failure to establish statutory remedies for whistle-blower actions in DOE facilities, but rather has consciously chosen to not enact legislation at this time. Alternative remedies existed for Mr. Lekvold. A *Bivens* remedy is not proper in this case.

■ Since the Plaintiff's federal claims are dismissed, the Court must decide whether to retain supplemental jurisdiction[2] over the state law claims. Although the Court may retain jurisdiction, the better practice is to dismiss the state claims without prejudice. *See Cook, Perkiss & Liehe v. Northern California Collection Service Inc.,* 911 F.2d 242, 247 (9th Cir.1990); *Schultz v. Sundberg,* 759 F.2d 714, 718 (9th Cir.1985); *Jones v. Community Redevelopment Agency,* 733 F.2d 646, 651 (9th Cir.1984) (citing *United Mine*

1. A detailed analysis of legislation relating to whistle-blowers at contract-operated Department of Energy nuclear facilities appears in *Bricker v. Rockwell Hanford Operations et al.,* No. CY–90–3090–AAM, slip op. at 10–13, 1991 WL 268026 (E.D.Wash. Sept. 17, 1991).

2. 28 U.S.C. § 1367(c)(3).

*Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)).

**IT IS HEREBY ORDERED:** the Defendants' Motion to Dismiss Constitutional Claims for Failure to State a Claim, Ct.Rec. 13, is **GRANTED.** The complaint and claims contained therein as they relate to Plaintiff's *Bivens* claims are **DISMISSED WITH PREJUDICE.** The Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.** The Clerk is hereby directed to enter this Order and furnish copies to counsel. The Clerk is also directed to close this case. All motions heretofore not ruled upon are **DENIED** as **MOOT.**