961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin F. KOCH, Plaintiff-Appellant,
v.
U.S. NAVY PUBLIC WORKS, et al., Defendants-Appellees.
 No. 91-55324.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin Koch appeals pro se the district court's dismissal of his wrongful discharge action against his former employer, the United States Navy Public Works Center (PWC). The district court determined that Koch failed to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and we affirm.
 
 Exhaustion of Administrative Remedies
 
 3
 Koch contends that the district court should have addressed the merits of his complaint against the PWC even though he has not exhausted administrative remedies. This contention lacks merit.
 
 
 4
 "Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit." Vinieratos v. United States Dep't of Air Force Through Aldridge, 939 F.2d 762, 767-68 (9th Cir.1991). The aggrieved employee is required "to elect one exclusive administrative remedy and to exhaust whatever remedy he chooses." Id. at 772. "Abandonment of the administrative process may suffice to terminate an administrative proceeding before a final disposition is reached, thus preventing exhaustion and precluding judicial review." Id. at 770.
 
 
 5
 Here, Koch filed a complaint with the Merit Systems Protection Board (MSPB) on July 18, 1988. On July 22, 1988, Koch filed a Title VII complaint with the district court. On September 26, 1988, Koch also filed a formal complaint with the Equal Employment Opportunity Commission (EEOC). All of Koch's complaints involved the same issues, and Koch initiated the district court and EEOC actions before the MSPB made a final decision on his appeal. Therefore, because Koch abandoned his initial forum for seeking review of his complaint, Koch failed to exhaust administrative remedies. Accordingly, judicial review of the merits of Koch's claims is precluded. See id. at 767-68, 770, 772.[1]
 
 Appointment of Counsel
 
 6
 Koch contends that the district court should have appointed counsel to represent him in his action. This contention lacks merit.
 
 
 7
 We review for an abuse of discretion a district court's decision on a motion for the appointment of counsel. McElyea v. Babbitt, 833 F.2d 196, 199-200 (9th Cir.1987). In employment discrimination cases, the district court may appoint counsel "in such circumstances as the court may deem just." See Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318-19 (9th Cir.1981). The district court must consider: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." Id. at 1318 (citations omitted); see also Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1983) (under 28 U.S.C. § 1915(d), the district court may appoint counsel only if "exceptional circumstances" exist).
 
 
 8
 Here, the district court denied Koch's request for appointed counsel on the ground that there were no funds available for the court to appoint counsel in a civil action. Moreover, as discussed above, Koch's claims did not have merit, nor were there any exceptional circumstances. Accordingly, we conclude that the district judge did not abuse his discretion in denying Koch's request for the appointment of counsel. See Bradshaw, 662 F.2d at 1318-19; Aldabe, 616 F.2d at 1093.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Koch's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Koch's attempts to confer jurisdiction on the district court by other statutory means also are meritless. Koch cannot bring his claim to federal court under the Civil Service Reform Act because of his failure to exhaust administrative remedies. See Vinieratos, 939 F.2d at 774 ("the Civil Service Reform Act specifically incorporates and applies Title VII's jurisdictional provision to those cases that involve charges of discrimination"). A Bivens or Federal Tort Claims Act (FTCA) action likewise is unavailable. See Rivera v. United States, 924 F.2d 948, 951-52 (9th Cir.1991) (FTCA); Kotarski v. Cooper, 866 F.2d 311, 312 (9th Cir.1989) (Bivens). Koch cannot pursue an action in federal court under the Age Discrimination in Employment Act because he failed to provide a notice of intent to file a civil action within the thirty-day statutory time period. See 29 U.S.C. § 633a(d); Romain v. Shear, 799 F.2d 1416, 1419 (9th Cir.1986), cert. denied, 481 U.S. 1050 (1987)