17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William POPELKA; Gary Mueller; Don Anderson, Plaintiffs-Appellants,
v.
Jim O'KEEFE; United States General Service Administration,
Defendants-Appellees.
 Nos. 92-36700, 92-36701.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1994.*
Decided Feb. 11, 1994.
 
 Before: WRIGHT, REAVLEY,** and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Appellants (the custodians) claim that the General Services Administration (GSA) and one of its regional administrators misled them in the course of their employment with the Government, and terminated their employment in violation of their constitutional rights. They brought this action in federal district court, seeking mandamus, injunctive and monetary relief. The complaint does not assert claims under a federal statute which expressly creates a private cause of action for federal employees who have an employment dispute with the Government. Instead, the claims can be characterized as Bivens -type constitutional claims. We agree with the district court that such claims are not cognizable in federal district court in light of the Civil Service Reform Act (CSRA).
 
 
 3
 This court has consistently held that federal civil service employment disputes cannot be brought originally in federal district court, but must instead be resolved under the comprehensive administrative scheme created by the CSRA. "Congress' purpose in enacting the CSRA was to channel grievances and disputes arising out of government employment into a single system of administrative procedures and remedies, subject to judicial review." Rivera v. United States, 924 F.2d 948, 951 (9th Cir.1991). We have held that the CSRA has provisions designed to protect civil servants from personnel practices which contravene their constitutional rights, and that Bivens -type claims asserting constitutional violations cannot be brought by federal employees in federal district court. Karamanos v. Egger, 882 F.2d 447, 451-53 (9th Cir.1989) (holding that claim of improper job classification seeking mandamus and other relief precluded by CSRA); Kotarski v. Cooper, 866 F.2d 311, 312 (9th Cir.1989) (holding that Bivens claim brought by probationary employee and alleging that demotion violated privacy and free speech rights precluded by CSRA); Veit v. Heckler, 746 F.2d 508, 511 (9th Cir.1984) (noting that "other circuits have held that the comprehensive nature of the procedures and remedies provided by the CSRA indicates a clear congressional intent to permit federal court review as provided in the CSRA or not at all" and holding that "the federal courts have no power to review federal personnel decisions and procedures unless such review is expressly authorized by Congress in the CSRA or elsewhere."). Recognition of congressional intent to create a uniform, balanced administrative scheme for review of federal personnel actions compels the conclusion that the CSRA precludes such federal district court actions, whether or not the CSRA provides the remedy sought by the federal employee. United States v. Fausto, 484 U.S. 439, 448, 455 (1988); Saul v. United States, 928 F.2d 829, 840 (9th Cir.1991) (holding that "the CSRA precludes even those Bivens claims for which the act prescribes no alternative remedy.").
 
 
 4
 The GSA classified the custodians as temporary employees. The rights of temporary employees are limited under the CSRA.[1] Nevertheless, such employees are covered by the CSRA and are afforded some rights to challenge personnel actions.[2] Based on the authorities cited above, the custodians' claims cannot be brought in federal district court and were properly dismissed. Watkins v. United States Army, 875 F.2d 699 (9th Cir.1989) (en banc), cert. denied, 498 U.S. 957 (1990), is distinguishable because that case involved a plaintiff who was a member of the armed forces, which is excluded entirely from the CSRA. See 5 U.S.C. Sec. 2101 (defining civil service).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Chapter 43 of the CSRA covers agency action against civil servants based on unacceptable job performance. An agency can terminate or reduce in grade a civil servant under this Chapter provided that certain notice and hearing procedures are followed, and the employee has a right to appeal the agency decision to the Merit Systems Protection Board (MSPB). 5 U.S.C. Sec. 4303. However, this chapter excludes employees serving under temporary appointments. Id. Sec. 4303(f)(2). Chapter 75 covers suspensions, terminations and other adverse actions taken against civil servants to "promote the efficiency of the service." Id. Secs. 7503(a), 7513(a). Suspensions of 14 days or less must be made in compliance with certain procedural safeguards. Id. Sec. 7503. More serious personnel actions, including terminations, may be appealed to the MSPB. Id. Sec. 7513(d). Chapter 75 does not apply to temporary employees. Id. Secs. 7501(1), 7511(a)(1)(A)(ii)
 
 
 [2]
 Temporary employees are covered by Chapter 23 of the CSRA. Chapter 23 forbids "prohibited personnel practices." 5 U.S.C. Sec. 2302(a)(1). Such practices include "personnel action" in violation of any law, rule or regulation directly concerning the "merit system principles." Id. Sec. 2302(b)(11). "Personnel action" includes any personnel action with respect to an employee in or applicant for a "covered position." Id. Sec. 2302(a)(2)(A). A covered position includes any position in the "competitive service." Id. Sec. 2302(a)(2)(B). The "competitive service" includes all employees in the civil service except for certain excepted employees such as those requiring Senate confirmation. Id. Sec. 2102. The "merit system principles" are an extremely broad set of principles. They include the principles that "[a]ll employees and applicants for employment should receive fair and equitable treatment ... with proper regard for their privacy and constitutional rights," that "[e]qual pay should be provided for equal value," that "[e]mployees should be retained on the basis of the adequacy of their performance," and that employees should be protected from "arbitrary action." Id. Sec. 2301(b)(2), (3), (6), (8). The Office of Special Counsel (OSC) is directed to receive and investigate allegations of prohibited personnel practices. Id. Sec. 1214(a)(1)(A). The OSC is authorized to bring actions before the MSPB to correct prohibited personnel practices. Id. Sec. 1214(b)(2)(B)