139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar TIJERINA, Plaintiff-Appellant,
v.
John H. DALTON, Secretary of the Navy, Defendant-Appellee.
 No. 96-36225.
D.C. No. CV-96-05024-RJB.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 17, 1998.
Submitted February 6, 1998** Seattle, Washington.
 
 Appeal from the United States District Court for the Western District of Washington Robert J. Bryan, District Judge, Presiding.
 Before: BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oscar Tijerina appeals pro se the district court's summary judgment dismissal of his action against his former employer the Department of Navy and twenty-one (21) individual Navy employees and their spouses. Tijerina alleges violations of Title VII (42 U.S.C. § 2000e); civil rights statutes, including 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986; the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b); the Privacy Act, 5 U.S.C. § 552a; claims pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); various constitutional claims; and a libel claim. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Tijerina contends that the district court erred in ruling that his claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985, the Constitution, the FTCA and Bivens are preempted by either Title VII or the Civil Service Reform Act (CSRA). We disagree.
 
 
 4
 Title VII provides the exclusive basis for federal jurisdiction for claims of discrimination and retaliation in federal employment. See Brown v. General Servs. Admin., 425 U.S. 820, 828-29, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); White v. General Servs. Admin., 652 F.2d 913, 916-17 (9th Cir.1981). Due to its comprehensive scope, Title VII preempts other causes of action seeking to redress the same wrong, including tort claims or constitutional claims based upon the same discriminatory employment actions. Williams v. General Servs. Admin., 905 F.2d 308, 311 (9th Cir.1990).
 
 
 5
 Tijerina argues that the district court erred in dismissing his claims unrelated to discrimination or retaliation. For example, Tijerina alleges that his due process and privacy rights were violated during the processing of his EEO complaints. These and similar claims, however, are based upon employment actions taken by his supervisors allegedly due to either discrimination or reprisal. Moreover, Tijerina's allegations do not fit the "highly personal violation" exception to Title VII preemption. See Brock v. United States, 64 F.3d 1421, 1423 (9th Cir.1995) (discussing exception). We therefore conclude that Tijerina's constitutional and statutory claims are preempted by Title VII to the extent that they are premised on racial discrimination or retaliation.
 
 
 6
 To the extent Tijerina's claims are not premised upon discrimination or retaliation, they are preempted by the merit system principles of the CSRA, under which Tijerina failed to pursue a remedy. See Saul v. United States, 928 F.2d 829, 833-34 (9th Cir.1991); Rivera v. United States, 924 F.2d 948 (9th Cir.1991) (holding that CSRA precludes suits by federal employees under FTCA); Kotarski v. Cooper, 866 F.2d 311, 312 (9th Cir.1989) (holding that CSRA precludes federal employee's Bivens claims).
 
 
 7
 Finally, the district court properly dismissed Tijerina's surviving Title VII discrimination and retaliation actions against the individual federal employees. Under Title VII, only the head of a department or agency is the appropriate defendant in a case of discrimination in federal employment. 42 U.S.C. § 2000e-16(c); Williams, 905 F.2d at 311. All of the conduct alleged in Tijerina's complaint arose out of the employment context, and thus only the Secretary of the Navy (the Secretary) can remain as a defendant in Tijerina's Title VII action.
 
 II
 
 8
 Tijerina also alleges that the Navy and other individual defendants committed "massive and sustained" violations of the Privacy Act, 5 U.S.C. § 552a(g)(5), during the course of the Navy's investigation of his EEO complaints. First, the Privacy Act only allows actions against an agency of the United States. 5 U.S.C. § 552a(g)(1); Schowengerdt v. General Dynamics Corp., 823 F.2d 1328, 1340 (9th Cir.1987). Accordingly, the district court properly dismissed all claims against the individual defendants.
 
 
 9
 Second, Tijerina has not carried his burden to set forth specific facts that support a cause of action under the Privacy Act, or to show how the alleged disclosures are not exempted from the coverage of the Act. To succeed on a claim for damages under the Privacy Act, Tijerina must demonstrate that a government agency willfully or intentionally disclosed a record, as defined by the Act, and that this disclosure had an "adverse effect" on him. 5 U.S.C. §§ 552a(b), 552a(g).
 
 
 10
 Tijerina does not identify what specific records were disclosed and who disclosed them, nor does he meet the intent and adverse effect requirements. Furthermore, most of the disclosures that Tijerina challenges were made within the Department of the Navy in the course of its investigation of his EEO complaints, and thus represent intra agency disclosures excepted from Privacy Act coverage under 5 U.S.C. § 552a(b)(1). Finally, to the extent that Tijerina alleges that the Navy failed to amend records pertaining to him under 5 U.S.C. § 552a(d)(2), Tijerina has not shown that he made a request to amend his records as required by § 552a(d)(2). Tijerina's claims under the Privacy Act were therefore properly dismissed.
 
 
 11
 The district court also properly dismissed Tijerina's libel claim against Captain Beard. Although Beard said in a declaration responding to questions from an investigator looking into some of Tijerina's discrimination charges that he intended to send Tijerina's EEO complaints to his Congressman, Beard's subsequent declaration in this action states that he did not do so. As this is uncontroverted, no triable issue is raised. Furthermore, Captain Beard's statements regarding Tijerina's work performance in a declaration requested in the course of an EEO investigation cannot be the basis of a libel action. See Story v. Shelter Bay Co., 52 Wash.App. 334, 338, 760 P.2d 368 (1988).
 
 III
 
 12
 Tijerina's remedies are therefore limited to Title VII, under which he has brought national origin discrimination and retaliation claims.[1] Tijerina argues that the district court, after instructing Tijerina to file a supplementary response to the government's motion for summary judgment on his Title VII claims, should not have granted the government's motion. He contends that he carried his burden to show that the actions of his supervisors in diminishing his job responsibilities, denying him promotional opportunities, and suspending him, as well as the Navy's handling of his EEO complaints regarding these employment actions, violated Title VII. We disagree.
 
 
 13
 Tijerina suggests that he established his prima facie case for national origin discrimination under the factors set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). We agree with the district court that Tijerina failed to offer specific evidence showing that he was qualified for the promotions that he sought or that he was adequately performing his job, and we will not consider any evidence of his qualifications presented on appeal but not filed with the district court. See Tonry v. Security Experts, Inc., 20 F.3d 967, 974 (9th Cir.1994) ("[P]arties may not unilaterally supplement the record on appeal with evidence not reviewed by the court below.")
 
 
 14
 Even if Tijerina had established his prima facie case, the Secretary met his burden to offer legitimate, nondiscriminatory reasons for the Navy's actions. The McDonnell Douglas presumption of discrimination then dropped out, and Tijerina was left with the burden to prove that Navy officials intentionally discriminated against him because he was Hispanic. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 510-11, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Tijerina cannot satisfy this burden with his assertions that the Secretary's explanations are "untrue" and general allegations of discrimination in the Navy's selection of supervisory personnel. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918 (9th Cir.1996), cert. denied, --- U.S. ----, 118 S.Ct. 369, 139 L.Ed.2d 287 (1997) (holding that evidence offered by plaintiff "is not sufficiently probative that it would allow a reasonable factfinder to conclude either that the alleged reason for his discharge was false, or that the true reason for his discharge was a discriminatory one"). At best, Tijerina provides no more evidence than the minimum necessary to create a presumption of discrimination but raises no genuine factual issue as to whether the Secretary's articulated reasons for the Navy's employment actions were pretextual. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 889-90 (9th Cir.1994). We therefore hold that the district court properly granted the government's motion for summary judgment on Tijerina's discrimination claim under Title VII.
 
 
 15
 Similarly, the district court properly dismissed Tijerina's reprisal claims. Tijerina simply failed to carry his burden to show that the Navy's adverse employment actions were the result of his having filed an EEO complaint rather than because of the reasons offered by the Secretary. As Tijerina failed to establish a causal link between his filing of EEO complaints and the Navy's actions, summary judgment in the Secretary's favor was appropriate. Nidds, 113 F.3d at 919-21.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 [1]
 As Tijerina has provided no evidence to support a disparate impact theory, his complaint and subsequent opposition papers are properly adjudicated under a disparate treatment theory