SILVERMAN, Circuit Judge,
concurring:
Although I concur in the opinion of the court, I write separately to emphasize that this case does not present the issue of whether illegal immigrants could ever bring a Bivens action. In fact, we have previously allowed an illegal immigrant to bring a Bivens action. See Papa v. United States, 281 F.3d 1004, 1010-11 (9th Cir. 2002) (holding that immigrant could bring Bivens action for alleged due process violations during immigration detention).
However, in this case, I agree with my colleagues that the plaintiffs lack an implied right of action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). As Judge O’Scannlain aptly points out, the plaintiffs had available, and indeed availed them *1083 selves of, the comprehensive immigration and habeas remedial mechanisms created by Congress, a factor that counsels against recognizing a Bivens action here. See Kotarski v. Cooper, 866 F.2d 311, 312 (9th Cir.1989). And the immigration context in which this case arose implicates sensitive issues of “diplomacy, foreign policy, and the security of the nation,” further counseling against allowing a Bivens action. See Arar v. Ashcroft, 585 F.3d 559, 574 (2d Cir.2009) (en banc). Thus, I agree that Bivens does not provide a cause of action for illegal immigrants claiming unlawful detention pending removal proceedings.